UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| **BRIAN TEED,**<br>**on behalf of himself and all**<br>**others similarly situated,**<br><br>                              **Plaintiffs,**<br><br>**v.**<br><br>**JT PACKARD & Associates, Inc.,**<br>**a Domestic Corporation**<br><br>                              **Defendant.** | **CIVIL ACTION No.  3:08-cv-303**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, Brian Teed, individually and on behalf of all others similarly situated ("Plaintiff[s]"), by and through his counsel, Larry A. Johnson and Nola J. Hitchcock Cross of Cross Law Firm, S.C., files this Complaint against Defendant JT Packard & Associates, Inc. ("JT Packard" or "Defendant") and seeks to recover for Defendant's violations of the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. §§ 201 *et seq.*, as well as for Defendant's violations of Wisconsin's state overtime laws pursuant to Sections 103.01 *et. seq.* and 109.01 *et seq.* of the Wisconsin Statutes, and Wisconsin Administrative Code Sections DWD 272.01 *et seq.* and 274.01 *et. seq.* ("Wisconsin Wage Payment Laws"), and states as follows:

## INTRODUCTION

1.      This is a representative action brought pursuant to FLSA § 216(b) by Plaintiff on behalf of himself and all other similarly situated current and former service technician employees of JT Packard throughout the country, for purposes of obtaining relief under the Fair Labor

Standards Act and Wisconsin's Wage Payment Laws for unpaid overtime wages, liquidated damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

2. JT Packard is a service provider for network-critical power equipment. The unlawful compensation system at issue in this Complaint affects JT Packard's salaried service technicians who work in excess of forty (40) hours a week without receiving the requisite overtime premium pay.

3. JT Packard uniformly denies overtime premium pay to its service technicians by requiring them to work in excess of forty (40) hours a week without paying the technicians the proper overtime premium. JT Packard's deliberate failure to pay employees overtime compensation violates federal law as set out in the Fair Labor Standards Act of 1938 in addition to violating Wisconsin's Wage Payment Laws.

## JURISDICTION AND VENUE

4. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"). Jurisdiction in this matter is also based upon diversity of citizenship pursuant to 28 U.S.C. § 1332 as Defendant is a resident of the state of Wisconsin and Plaintiff is a resident of the state of Virginia and the amount in controversy exceeds the statutory limit. Moreover, this Court has supplemental jurisdiction over the state law claims, as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

5. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because JT Packard does business in this district.

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

**PARTIES**

7. Defendant JT Packard is a domestic corporation doing business within the State of Wisconsin. Specifically, JT Packard is a large independent provider of critical power services including uninterrupted power services to customers throughout the country.

8. Plaintiff is a resident and domiciled in the state of Virginia. Plaintiff's Notice of Consent to Join pursuant to 29 U.S.C. § 216(b) is attached hereto as Exhibit A.

9. Plaintiff is a former JT Packard employee who worked at JT Packard within the last two years from the date of filing of this Complaint, and can be generally categorized herein as a service technician. Plaintiff performed the same job duties as other service technicians employed by JT Packard around the nation and is subjected to the same denial of overtime compensation.

**GENERAL ALLEGATIONS**

10. The unlawful compensation system at issue in this Complaint has affected JT Packard's former and present service technicians who have been and continue to be denied overtime premium compensation for each hour worked in excess of forty hours a week. Plaintiff and other similarly situated employees who are denied said overtime premium can be generally categorized herein as "service technicians."

11. The service technicians perform preventative maintenance and emergency services for JT Packard customers at various site locations throughout their assigned territories and occasionally in other territories throughout the country. The service technicians work out of a home office where they receive scheduled assignments of routine maintenance from a customer

service account manager, have access to a company e-mail account and JT Packard's intranet, and maintain paperwork on a laptop provided by JT Packard which is necessary for the completion of their duties for JT Packard. The service technicians do not have a traditional workplace outside of their home office which they regularly report to.

12. Service technicians are required to carry and monitor their JT Packard issued cell phones at all times and must be available at all times for emergency dispatch to a customer location, customer technical support, and general communication with JT Packard and other service technicians. Pursuant to JT Packard policy, any phone call or message must be returned within fifteen minutes of receiving the message. Further, pursuant to JT Packard's customer contracts, a service technician must arrive onsite of an emergency assignment within four hours of JT Packard being notified by the customer of the need for emergency service.

13. Prior to leaving the home office at the beginning of each work day, service technicians check their e-mail account, views the service calendar for any schedule changes, and call customers to confirm upcoming appointments including that day's appointments. These tasks are performed on a recurring basis throughout the day and are performed prior to leaving the home office regardless of the time of day. These tasks are an integral and indivisible part of the service technicians' principal activity of providing routine and emergency services to JT Packard's customers or clients. These tasks are preformed for the benefit of JT Packard. Plaintiff and other similarly situated employees perform substantially the same tasks prior to traveling from their home offices to JT Packard's customer locations.

14. At the end of each completed job or upon completing multiple jobs in one day and returning to the home office, the service technicians check their email account, complete and submit a field service report to the corporate office, in addition to performing other essential and

ongoing office tasks. These tasks are an integral and indivisible part of the service technicians' principal activity of providing emergency and routine services to JT Packard's customers or clients. These tasks are performed for the benefit of JT Packard. Plaintiff and other similarly situated employees perform substantially the same tasks after returning to their home offices from JT Packard's customer locations.

15. Plaintiff and other similarly situated employees drive their personal vehicles to and from JT Packard's customers' locations. These vehicles are generally cars, light vans or light pick-up trucks.

16. As the vehicles which Service Technicians drive do not have a gross vehicle weight rating in excess of 10,001 pounds, Plaintiff and other similarly situated employees are not involved in the operation of a motor vehicle within the meaning of 49 U.S.C. § 31152.

17. The Secretary of Transportation does not have jurisdiction to regulate the hours of service of Plaintiff and other similarly situated employees.

18. Plaintiff and other similarly situated employees are paid a fixed dollar amount each week. Plaintiff and other similarly situated employees do not receive any additional compensation from JT Packard when they work in excess of forty (40) hours each work week.

19. Plaintiff and other similarly situated employees regularly work in excess of forty (40) hours each work week.

20. JT Packard has not maintained any record of the hours each service technician works each workday and/or each workweek.

**COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA**

21. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b) on behalf of all service

technicians employed by JT Packard within three years prior to the filing of this action ("FLSA Collective Plaintiffs").

22. The FLSA claims may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

23. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendant's decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them time and a half rates for work in excess of forty (40) hours per work week. The claims of Plaintiff stated herein are the same as those of the other FLSA Collective Plaintiffs.

24. Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a collective basis challenging, among other FLSA violations, JT Packard's practice of failing to compensate employees for all hours worked, including overtime compensation.

25. The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendant. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendant.

## **RULE 23 CLASS ALLEGATIONS - WISCONSIN**

26. Plaintiff brings his Wisconsin overtime claim, pursuant to Wisconsin Wage Payment Laws, under Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure on behalf of all persons who were, are, or will be employed by Defendant as a service technician and denied overtime premium compensation for each hour worked over forty (40) hours a work

week on or after the date that is two years before the filing of the Complaint in this case (the "Wisconsin Class Period").

27. All said persons, including Plaintiff, are referred to herein as the "Wisconsin Class."

28. The Wisconsin Class members are readily ascertainable. The number and identity of the Wisconsin Class members are determinable from the records of Defendant. The positions held, and the rates of pay for each Wisconsin Class member are also determinable from Defendant's records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided by means permissible under said FRCP 23.

29. The proposed Wisconsin Class is so numerous that joinder of all members is impracticable, and more importantly the disposition of their claims as a class will benefit the parties and the court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendant, upon information and belief, there are more than one hundred and fifty members of the Wisconsin Class.

30. Wisconsin Plaintiff's claims are typical of those claims which could be alleged by any member of the Wisconsin Class, and the relief sought is typical of the relief which would be sought by each member of the Wisconsin Class in separate actions. All the Wisconsin Class members were subject to the same corporate practice of Defendant, as alleged herein, of failing to compensate employees for hours worked over forty (40) hours a week pursuant to Wisconsin's Wage Payment Laws. Defendant's corporate-wide policies and practices affected all Wisconsin Class members similarly, and Defendant benefited from the same type of unfair and/or wrongful

acts as to each Wisconsin Class member. Plaintiff and other Wisconsin Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

31. Plaintiff is able to fairly and adequately protect the interests of the Wisconsin Class and has no interests antagonistic to the Wisconsin Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented numerous plaintiffs in wage and hour cases.

32. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Wisconsin Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Wisconsin Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Wisconsin Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Wisconsin Class, establishing incompatible standards of conduct for Defendants and resulting in

the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

33. Upon information and belief, Defendant has violated and continues to violate the Wisconsin State Law regarding payment of minimum wages and overtime premium wages. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

34. There are questions of fact and law common to the class that predominates over any questions affecting only individual members. The questions of law and fact common to the class arising from JT Packard's actions include, without limitation, the following:

    a) Whether Defendant is an "employer" within the meaning of Wisconsin Statutes;

    b) Whether the Wisconsin Class are "employees" within the meaning of the Wisconsin Statutes;

    c) Whether Defendant failed to compensate the Wisconsin Class for hours worked in excess of forty (40) per week;

    d) Whether Defendant's compensation policies and practices are illegal;

    e) Whether Defendant has a policy and practice of willfully failing to maintain proper records with regard to the Wisconsin Class' compensation.

35. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency,

economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the federal law claims.

### FIRST CLAIM FOR RELIEF
**(Violation of the Fair Labor Standards Act of 1938)**

36. Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, reasserts and incorporates by reference all paragraphs set forth above as if fully restated herein.

37. At all time material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et. seq.*

38. The individually named Plaintiff and all similarly situated employees are victims of a uniform and company-wide compensation policy and practice in violation of the FLSA.

39. JT Packard violated the FLSA by failing to account for and compensate Plaintiff and others similarly situated for overtime premium pay for each hour the service technicians worked in excess of forty (40) hours each work week.

40. At all times material herein, the FLSA Collective Plaintiff regularly performed activities that were an integral and indispensable part of the employees' principal activities prior to traveling to JT Packard's customer location and after returning from JT Packard's customer location. Thus the travel time to and from the customer's location is compensable as it is a principle activity.

41. The FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a) (1).

42. JT Packard was and is subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in commerce and its employees are engaged in commerce.

43. Section 13 of the FLSA, 29 U.S.C. 213, exempts certain employees from overtime pay obligations. None of the FLSA exemptions apply to Plaintiff or other similarly situated employees. Accordingly, Plaintiff and other similarly situated employees must be paid overtime pay in accordance with the FLSA.

44. JT Packard's failure to properly compensate Plaintiff was willfully perpetrated. JT Packard has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find that the Defendant did not act willfully in failing to pay overtime premium pay wages, Plaintiffs and all similarly situated employees are entitled to an award of pre-judgment interest at the applicable legal rate.

45. As a result of the aforesaid willful violations of the FLSA's overtime provisions, overtime compensation has been unlawfully withheld by JT Packard from Plaintiff for which JT Packard is liable pursuant to 29 U.S.C. § 216(b).

46. Plaintiff and all similarly situated employees are entitled to damages equal to the mandated overtime premium pay within the three years preceding the date of filing of this Complaint, plus periods of equitable tolling because JT Packard acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

47. Pursuant to FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorney's fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

## SECOND CLAIM FOR RELIEF
### (Wisconsin State Law Claim)

48. Plaintiff, on behalf of himself and the Wisconsin Class Members, re-alleges and incorporates all previous paragraphs as if they were set forth herein.

49. At all relevant times, the Wisconsin Class were employees within the meaning of Wis. Stat. § 109.01(1r).

50. At all relevant times, the Wisconsin Class were employees within the meaning of Wis. Stat. § 103.001(5).

51. At all relevant times, JT Packard was an employer within the meaning of Wis. Stat. § 109.01(2).

52. At all relevant times, JT Packard was an employer within the meaning of Wis. Stat. § 103.001(6).

53. At all relevant times, JT Packard has employed, and continues to employ the Wisconsin Class as within the meaning of Wisconsin Statute § 109.01 *et seq* and § 103.01 *et seq*.

54. Throughout the Wisconsin Class Period, the Wisconsin Class members regularly performed activities that were an integral and indispensable part of the employees' principal activities prior to traveling to JT Packard's customer location and after returning from JT Packard's customer location. Thus the travel time to and from the customer's location is compensable as it is a principle activity.

55. At all relevant times, the Defendant had, and continues to have, common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay service technicians overtime compensation.

56. The foregoing conduct, as alleged above, constitutes continuing, willful violations of the Wisconsin Wage Payment Laws.

57.   Defendant willfully failed to pay Plaintiff and the Wisconsin Class overtime premium compensation for all hours worked in excess of forty (40) hours a week, in violation of Wisconsin Wage Payment Laws.

58.   As set forth above, Plaintiff and the Wisconsin Class members have sustained losses in their compensation as a proximate result of Defendant's violations.  Accordingly, Plaintiff, on behalf of himself and the Wisconsin Class, seeks damages in the amount of their respective unpaid compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper.  Under Wis. Stat. § 109.11, Plaintiff and the Wisconsin Class may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

59.   Wisconsin Plaintiff, on behalf of himself and the Wisconsin Class, seeks recovery of attorneys' fees and the costs of this action to be paid by Defendants, pursuant to Wisconsin Wage Payment Laws.

WHEREFORE, it is respectfully prayed that this Court grant to the Plaintiffs the following relief:

   a) At the earliest possible time, issue an Order allowing Notice or issue such Court supervised Notice to all similarly situated current and former JT Packard service technicians of this action and their rights to participate in this action.  Such Notice shall inform all similarly situated current and qualified former employees of the pendency of this action, the nature of this action, and of their right to "opt in" to this action.  Additionally, such notice will include a statement informing the similarly situated current and qualified former employees that it is illegal for JT Packard to take any actions in retaliation of their consent to join this action.

   b) Issue an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring JT Packard's actions as described in the Complaint are unlawful and in violation of the FLSA and applicable regulations and are and were willful as defined in the FLSA;

c) Issue an Order directing and requiring JT Packard to pay Plaintiff and all other similarly situated employees damages in the form of reimbursement for unpaid premium overtime wages for all time spent performing compensable work for which they were not paid pursuant to the rate provided by the FLSA;

d) Issue an Order directing and requiring JT Packard to pay Plaintiff and all other similarly situated employees liquidated damages pursuant to the FLSA in an amount equal to, and in addition to the amount of wages and overtime wages owed to them;

e) Issue an Order directing Defendant to reimburse Plaintiffs and other similarly situated employees for the costs and attorneys fees expended in the course of litigating this action, pre-judgment and post-judgment interest;

f) Provide Plaintiffs with such other and further relief, as the Court deems just and equitable.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby requests trial by jury of all issues triable by jury under Wisconsin and federal law.

Dated: May 28, 2008

Respectfully submitted,

__s/LARRY JOHNSON____
Larry A. Johnson
WI State Bar No. 1056619
Nola J. Hitchcock Cross
WI State Bar No. 1015817

Cross Law Firm, S.C.
The Lawyers' Building
845 N. 11th Street
Milwaukee, WI 53233
(414) 224-0000 (office)
(414) 273-7055 (facsimile)


Defendant may be served at:
JT Packard & Associates, Inc.
275 Investment Court
Verona, WI 53593