IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BRIAN TEED, on behalf of himself
and all others similarly situated,

        Plaintiffs,

v.                                               Case No. 08-CV-303

JT PACKARD & ASSOCIATES, INC.,
a domestic corporation,

and

S.R. BRAY CORP. d/b/a/ POWER PLUS!,
a foreign corporation

        Defendants.

---

**MOTION TO DISMISS AND ANSWER
OF DEFENDANTS JT PACKARD & ASSOCIATES, INC. AND S.R. BRAY CORP.
WITH RESPECT TO THE FIRST AMENDED COMPLAINT**

---

Defendants JT Packard & Associates, Inc. and S.R. Bray Corp., by their attorneys, Godfrey & Kahn, S.C., pursuant to Fed. R. Civ. P. 12(b)(6), hereby move to dismiss Plaintiff Brian Teed's Second Claim for Relief for failure to state a claim upon which relief can be granted. That motion is supported by an accompanying brief. Defendants further answer and respond to the remainder of the First Amended Complaint as follows:

**<u>Motion to Dismiss Plaintiff's Second Claim for Relief</u>**

1.       Plaintiff Brian Teed is a resident and domiciled in the state of Virginia. First Amended Complaint, ¶ 10.

2.       Despite being a Virginia resident, Plaintiff has brought his Second Claim for Relief under Wisconsin's wage and overtime laws.

3. Wisconsin's wage and overtime laws do not apply to non-Wisconsin residents, who, like Plaintiff, work outside Wisconsin.

4. Because Plaintiff has no valid claims under Wisconsin's wage and overtime laws, his Second Claim for Relief must be dismissed.

## Answer

1. Defendants admit that Plaintiff seeks to bring this action as a representative action pursuant to the Fair Labor Standards Act ("FLSA") § 216(b) and that he seeks relief under the FLSA and Wisconsin's Wage Payment Laws. Defendants deny that Plaintiff is entitled to any such relief.

2. Defendants admit that JT Packard is a service provider for network-critical power equipment. Defendants deny that their compensation systems are unlawful, but admit that Plaintiff's allegations pertain to JT Packard's salaried service technicians, which are known as "field engineers". (Hereinafter, any references to "field engineers" refer only to JT Packard employees and not to employees that work exclusively for S.R. Bray.) Defendants further admit that field engineers are salaried employees who do not receive overtime pay. Defendants deny that field engineers are entitled to overtime pay.

3. Defendants admit that JT Packard's field engineers are salaried employees who do not receive overtime pay. Defendants deny that their payment policies for field engineers violate any federal or Wisconsin laws.

4. Defendants admit that this Court has subject matter jurisdiction under 28 U.S.C. § 1331. Defendants deny that this Court has subject matter jurisdiction under 28 U.S.C. § 1332, as the amount in controversy does not exceed the statutory limit. Defendants admit that the Court has supplemental jurisdiction over Plaintiff's state law claim, but affirmatively alleges that such claim should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

5. Defendants admit that venue in this district is proper.

6. Defendants admit that this Court, like any other United States district court, has the power to issue a declaratory judgment and related relief pursuant to 28 U.S.C. §§ 2201 and 2202 if and when the court deems it appropriate.

7. Defendants admit that JT Packard is a Wisconsin corporation doing business within the State of Wisconsin. Defendants admit that JT Packard provides critical power services to customers throughout the country.

8. Defendants admit that S.R. Bray Corp. is a foreign corporation doing business within the State of Wisconsin by virtue of its ownership of JT Packard.

9. Defendants admit that in or about October 2006, S.R. Bray Corp. acquired eighty percent of JT Packard and, shortly thereafter, completed the acquisition of the remaining twenty percent of JT Packard.

10. Upon information and belief, Defendants admit that Plaintiff is a resident and domiciled in the state of Virginia and that he has consented to become a plaintiff in this action.

11. Defendants admit that Plaintiff is JT Packard's former employee and that he worked at JT Packard within the last two years from the date of filing of this Complaint, and that he worked as a field engineer. Defendants admit that other field engineers around the nation are salaried and not given overtime pay and that Plaintiff performed some of the same job duties as other field engineers.

12. Defendants deny that their compensation systems are unlawful. Defendants admit that JT Packard's field engineers, such as Plaintiff, are paid a salary and are not given overtime pay.

13. Defendants admit that JT Packard's field engineers perform preventative maintenance and emergency services for JT Packard's customers at various site locations throughout their assigned territories and occasionally in other territories throughout the country. Defendants admit that: most field engineers do not have a traditional workplace outside their homes to which they regularly report; field engineers may maintain a home office; JT Packard provides field engineers a laptop computer; through that laptop, field engineers have access to a company e-mail account and JT Packard's intranet; field engineers receive scheduled assignments of routine maintenance from customer service account managers by e-mails that they access on their laptops; and field engineers perform certain paperwork on that laptop. Defendants admit that part of a field engineer's necessary duties are to check the laptop to see what routine maintenance assignments have been given to him.

14. Defendants admit that JT Packard issues cell phones to its field engineers and that field engineers are required to keep those phones on and with them at all times unless they are on PTO (Paid Time Off) or Off Call time. Defendants admit that unless a field engineer is on PTO or Off Call time, he is required to be available for emergency dispatch to a customer location, customer technical support, and general communication with JT Packard and other service technicians. Defendants admit that JT Packard's policy is that voice messages should be returned within 15 minutes of receiving the message. Defendants admit that pursuant to its customer contracts, JT Packard tries to have a field engineer onsite of an emergency assignment within four hours of JT Packard being notified by the customer of the need for emergency service.

15. Defendants admit that field engineers are required to check their e-mail accounts twice daily, view the service calendar for any schedule changes and call customers to confirm

upcoming appointments, including that day's appointments.  Defendants admit that in some, but not all, instances, field engineers perform these tasks prior to leaving home.  Defendants admit that these tasks are performed for JT Packard's benefit and that they are an integral and indivisible part of the field engineer's principal activity of providing routine and emergency services to JT Packard's customers or clients.

   16. Defendants admit that at the end of each completed job, while they are still on the customer's site, field engineers are to complete and submit a service report to the corporate office.  Defendants admit that completing and submitting service reports are performed for JT Packard's benefit and that they are an integral and indivisible part of the field engineer's principal activity of providing routine and emergency services to JT Packard's customers or clients.  Defendants admit that field engineers are required to check their e-mail twice daily, and that such checks may sometimes occur at the field engineers' homes.

   17. Defendants admit that Plaintiff and other field engineers drive their personal vehicles to and from JT Packard's customers' locations.  Defendants admit that these vehicles are generally cars, vans or trucks.

   18. The allegations of paragraph 18 state a legal conclusion to which no response is required.

   19. The allegations of paragraph 19 state a legal conclusion to which no response is required.

   20. Defendants admit that field engineers are paid a fixed dollar amount each week and that they do not receive any additional compensation from JT Packard when they work in excess of forty (40) hours in a work week, nor do they receive less compensation from JT Packard when they work less than 40 hours in a work week.

21. Defendants deny the allegations of paragraph 21.

22. Defendants deny the allegations of paragraph 22.

23. The allegations of paragraph 23 state a legal conclusion to which no response is required.

24. The allegations of paragraph 24 state a legal conclusion to which no response is required.

25. The allegations of paragraph 25 state a legal conclusion to which no response is required.

26. Defendants admit that Plaintiff seeks relief on a collective basis related to JT Packard's compensation practices. Defendants deny that Plaintiff or anyone else is entitled to any relief related to Defendants' compensation practices.

27. Defendants admit that the FLSA Collective Plaintiffs (*i.e.* the JT Packard field engineers) are readily ascertainable and that Defendants have their names and last known addresses. Defendants admit that, if the Court deems notice appropriate, notice could be provided via first class mail to the last known addresses of the FLSA Collective Plaintiffs.

28. Defendants admit that Plaintiff purports to bring his Wisconsin overtime claim pursuant to Wisconsin Wage Payment Laws, under Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure on behalf of all persons who were, are or will be employed by JT Packard as a service technician and denied overtime premium compensation for each hour worked over forty (40) hours a work week on or after the date that is two years before the filing of the Complaint in this case. Defendants deny that Plaintiff has a valid Wisconsin overtime claim and have moved to dismiss that claim pursuant to Fed. R. Civ. P. 12(b)(6).

29. Defendants admit that Plaintiff purports to classify the individuals identified in paragraph 28 of his Complaint as the "Wisconsin Class."

30. Defendants admit that the Wisconsin Class members are readily ascertainable but deny that Plaintiff has a valid overtime claim under Wisconsin laws.

31. Defendants deny the allegations of paragraph 31. Defendants affirmatively allege that there are less than ten individuals who worked as field engineers in Wisconsin and would fall within Plaintiff's definition of the Wisconsin Class.

32. The allegations of paragraph 32 state a legal conclusion to which no response is required.

33. The allegations of paragraph 33 state a legal conclusion to which no response is required.

34. The allegations of paragraph 34 state a legal conclusion to which no response is required.

35. Defendants deny the allegations of paragraph 35.

36. The allegations of paragraph 36 state a legal conclusion to which no response is required.

37. The allegations of paragraph 37 state a legal conclusion to which no response is required.

38. Defendants reassert and incorporate their responses to paragraphs 1 through 37.

39. Defendants admit that their employment relationships with Plaintiff and all their other employees are subject to the FLSA.

40. Defendants deny the allegations of paragraph 40.

41. Defendants deny the allegations of paragraph 41.

42. Defendants admit that the travel time field engineers spend going to and from the customer's location is compensable. Defendants affirmatively allege that JT Packard has compensated and does compensate its field engineers for that travel time.

43. The allegations of paragraph 43 state a legal conclusion to which no response is required.

44. Defendants admit the allegations of paragraph 44.

45. Defendants deny the allegations of paragraph 45.

46. Defendants deny the allegations of paragraph 46.

47. Defendants deny the allegations of paragraph 47.

48. Defendants deny the allegations of paragraph 48.

49. The allegations of paragraph 49 state a legal conclusion to which no response is required.

50. – 61. Defendants have moved to dismiss Plaintiff's Second Claim for Relief pursuant to Fed. R. Civ P. 12(b)(6). Accordingly, no further response to paragraphs 50 through 61 is necessary.

62. Defendants deny that Plaintiff is entitled to any of the relief sought in the "WHEREFORE" paragraph following paragraph 61.

61. All allegations not specifically admitted by Defendants are hereby denied.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff, all other putative FLSA Collective Plaintiffs, and all other members of the putative Wisconsin Class are not entitled to relief because they are exempt from federal and state overtime laws.

2. Defendants acted in absolute good faith, in accordance with 29 U.S.C. § 259, in conformity with and in reliance on one or more written administrative regulations, orders,

8

rulings, approvals, interpretations, administrative practices or enforcement policies of the United States Department of Labor.

    3.    To the extent the court finds Defendants liable in any way, they are not subject to liquidated damages because, pursuant to 29 U.S.C. § 260, they have acted in good faith and have had reasonable grounds for believing that their acts did not violate the FLSA.

    4.    Any claim for relief based on work or events occurring more than two years prior to the Plaintiff's filing of this case are barred by the statute of limitations applicable to cases under the FLSA.

WHEREFORE, Defendants JT Packard & Associates, Inc. and S.R. Bray Corp. request the following relief:

    A.    Dismissal of Plaintiff's Second Claim for Relief;

    B.    Their fees, costs and disbursements; and

    C.    Such other and further relief as the Court may permit.

Dated: July 14, 2008.

                  GODFREY & KAHN, S.C.

              By:    *s/ Kendall W. Harrison*
                       Kendall W. Harrison, State Bar No. 1023438
                       Bryan J. Cahill, State Bar No. 1055439
                       Patricia L. Wheeler, State Bar No. 1048114
                       Attorneys for Defendants

One East Main Street, Suite 500
P.O. Box 2719
Madison, WI 53701-2719
Phone:    (608) 257-3911
Fax:    (608) 257-0609
E-mails:    kharrison@gklaw.com
            bcahill@gklaw.com
            pwheeler@gklaw.com

3093923_1