IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

BRIAN TEED,
and all others similarly situated,

                                                OPINION and ORDER

                   Plaintiff,

                                                08-cv-303-bbc

     v.

JT PACKARD & ASSOCIATES, INC.,
and S.R. BRAY CORP., d/b/a POWER
PLUS!, a foreign corporation,

                   Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

This is a civil action for monetary relief in which plaintiff Brian Teed, individually and on behalf of others similarly situated, contends that defendants JT Packard & Associates, Inc. and Power Plus violated the Fair Labor Standards Act and Wisconsin's labor laws by not compensating its field engineers for work in excess of forty hours a week. Jurisdiction is present. 28 U.S.C. §§ 1331 and 1367.

Now before this court is defendants' motion to dismiss plaintiff's state law claim pursuant to Fed. R. Civ. P. 12(b)(6). Defendants contend that Wisconsin's wage and overtime laws do not apply to work performed outside Wisconsin by non-residents of

1

Wisconsin, like plaintiff, and if they do then they violate the dormant commerce clause. Defendants' motion will be denied. Although it is not possible to determine from plaintiff's complaint whether he is subject to Wisconsin's wage and overtime compensation laws, defendants have not shown that plaintiff has failed to state a claim under these laws.

For the purpose of deciding defendant's motion to dismiss, I accept as true the factual allegations in plaintiff's complaint.

ALLEGATIONS OF FACT

Plaintiff Brian Teed is domiciled in the state of Virginia. Between May 26, 2006 and May 26, 2008, he was employed by defendants as a field engineer and has been denied overtime compensation for every hour that he worked more than forty hours a week.

Defendant JT Packard is a domestic corporation doing business in the state of Wisconsin that provides power services to customers throughout the country. Power Plus is a foreign corporation doing business in the state of Wisconsin that provides temporary power solutions and acquired ownership of JT Packard starting in 2006.

Defendants employ field engineers throughout the country to perform preventive maintenance and emergency services for defendants' customers at various sites. Field engineers work out of a home office and do not have a traditional workplace outside the home. Before leaving the home office, field managers are required to check their email, view

2

service calender, and call customers to confirm appointments. Through out the day, field engineers are required to repeatedly check their emails, consult their service calenders for any changes. At the end of the day, the field managers are then required to file reports on the work performed during the day. In addition, field engineers are required to carry and monitor their cell phones for emergency dispatch to customer locations, customer technical support and general communication with the defendants and other field engineers.

OPINION

At issue is whether plaintiff's complaint has alleged sufficient facts to suggest he is entitled to relief under Wisconsin's wage and overtime compensation laws. A claim should be dismissed under 12(b)(6) "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1966 (2007). The court will construe all of plaintiff's factual allegations as true and draw all reasonable inferences in plaintiff's favor. Savory v. Lyons, 469 F.3d 667, 670 (7th Cir. 2006). A plaintiff under Rule 8 must give the defendant notice of his claim so that the defendant can prepare a defense. Ricoh Co., Ltd. v. Asustek Computer, Inc., 481 F. Supp. 2d 954, 959 (W.D. Wis. 2007). A complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, but a plaintiff must allege enough facts that plausibly suggest he is entitled to relief and that discovery will reveal evidence of

3

plaintiff's claim. Bell Atlantic, 127 S.Ct. at 1965.

Although the defendants argue that plaintiff has failed to state a claim under Wisconsin's overtime compensation laws because he is out of state resident, I cannot determine on the facts alleged whether the plaintiff does or does not fall within the class protected by the statute. Under Wisconsin law, an individual is entitled to overtime compensation when he or she has worked in excess of forty hours a weeks for an employer under the statutory definition. Wis. Stat. §§103, 109; Wis. Admin. Code § DWD 274.03. An employer is defined as "every person having control or custody of any employment or place of employment," Wis. Stat. § 103.02, and "any person engaged in any activity, enterprise or business employing one or more persons within the state," Wis. Stat. § 109.01(2). The statutes do not state whether Wisconsin's labor laws are or are not intended to cover non-resident employees. They define employees as "every individual who is in receipt of or is entitled to any compensation for labor performed for any employer," Wis. Stat. § 104.010(2)(a), and "any person employed by an employer," Wis. Stat. § 109.01(1r).

To state a claim under the Wisconsin wage and overtime compensation statutes, an individual would have to allege facts showing that he was an employee within the meaning of the statute and was denied overtime compensation by his employer for work that he performed. Plaintiff has alleged that he was employed by defendants and that defendants employ workers in the state of Wisconsin. Also, plaintiff alleges between May 28, 2006 and

4

May 28, 2008, he did not receive overtime pay whenever he worked for more than forty hours a week. Plaintiff further alleges that field engineers do not have traditional offices and are employed throughout the country. Plaintiff also attest to the numerous duties field engineers have at the beginning, during the course of and at the end of the day.

At this stage, plaintiff has shown that he could be entitled to relief under the Wisconsin's labor laws. He has asserted that he worked for an employer with workers in the state of Wisconsin and that he has been denied overtime pay on occasions. Plaintiff also alleges a number of duties field engineers are required to undertake for which they are presumably not compensated. Thus, plaintiff is providing defendant with notice of the grounds for his claim, and why he believes he is entitled to relief for overtime compensation.

The defendants do not deny that plaintiff's allegations regarding his employer and the overtime practices of the employer are sufficient to state a claim. Instead, defendants suggest that the statute should be limited to cover employees in the state of Wisconsin and that plaintiff worked outside the state of Wisconsin during his employment. However, the statute does not expressly limit its coverage to in-state employees and plaintiff has made no allegations regarding where he worked, thus dismissing his claim at this stage would be improper. Simpson v. Nickel, 450 F.3d 303, 305 (7th Cir. 2006) (holding that any decision declaring complaint deficient because it does not allege specific fact is "candidate for summary reversal" unless specific fact is required by Rule 9). Because the statutes are silent

5

on the question of whether an employee must be employed in Wisconsin, plaintiff was not required to allege this fact to state a claim.

A determination of the proper scope of Wisconsin's labor law is better left to a later stage of the proceedings when the factual record has been further developed and plaintiff has submitted facts relevant to defendants' contention regarding the geographical reach of the statutes. The motion to dismiss the plaintiff's state law claim will be denied because defendants have not shown that plaintiff does not state a claim under Wisconsin's labor laws.

## ORDER

IT IS ORDERED that defendants' JT Packard and Power Plus's motion to dismiss plaintiff Teed's state law claim is DENIED.

Entered this 3rd day of October, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge