IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

BRIAN TEED,
and all others similarly situated,,

                                          MEMORANDUM

               Plaintiff,

                                          08-cv-303-bbc

     v.

JT PACKARD & ASSOCIATES, INC.,
and S.R. BRAY CORP.,
d/b/a POWER PLUS! a foreign corporation,

             Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

This civil action was brought by plaintiff Brian Teed against defendants JT Packard & Associates, Inc. and Power Plus! for alleged violations of federal and state overtime compensation laws. Plaintiff brought this lawsuit as a class action on behalf of two separate classes: (1) a nationwide class for violations of the Fair Labor Standards Act and (2) a Wisconsin class for violations of Wisconsin law.

Under the Fair Labor Standards Act, a district court may conditionally certify a class to allow a representative plaintiff the opportunity to send out opt-in notices for violations of the Act. 28 U.S.C. § 216; Woods v. New York Life Insurance Company, 686 F.2d 578,

1

580 (7th Cir. 1982). This court has adopted a two-step process for class certification under the FLSA. Sjoblom v. Charter Communications, LLC, No. 07-cv-451-bbc, 2007 WL 4560541, *7-8 (W.D. Wis. Dec. 19. 2007). The first step requires plaintiff to demonstrate that he is similarly situated to potential class members. Id. This step was completed on October 3, 2008 when I issued an order approving the parties' joint stipulation to conditional certification and for notice to be sent out to all potential class members. Dkt. ## 37-38.

After the deadline for class members to opt-in has passed and all potential class members are identified, defendant may file a motion to oppose certification of the class. Id. On December 15, 2008, the parties submitted a request to extend the deadline for certification and decertification because the parties sought to engage in settlement negotiations to avoid costly and unneeded discovery. Dkt. #50 at 2. On the same day, Magistrate Judge Stephen Crocker granted the parties' request and extended the deadlines to February 15, 2009. Dkt. #51.

The deadline has come and passed and neither party has submitted motions to certify or decertify. The failure to do so operates as a waiver of the parties' rights regarding the state and federal class actions. In other words, plaintiff has waived his right to certify a state law class for violations of Wisconsin's overtime laws and defendants have waived their right to decertify the FLSA class. Austin v. Cuna Mutual Insurance Society, 232 F.R.D. 601, 605

2

(W.D. Wis. 2005) (second step of FLSA conditional certification requires defendant to file motion to decertify).

Therefore, in accordance with the parties' joint stipulation to certify a nationwide class under the FLSA, plaintiff may proceed as a class representative on behalf of those individuals who opted-in to the FLSA class action by December 6, 2008.  However, because plaintiff did not move to certify a state law class action by the court's extended deadline, plaintiff may proceed only on his own behalf on this claim.

Entered this 9th day of March, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge