IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BRIAN TEED, on behalf of himself
and all others similarly situated,

                    Plaintiff,

        v.

THOMAS & BETTS POWER SOLUTIONS,
LLC, a domestic corporation,

                    Defendant.

PRELIMINARY PRETRIAL
CONFERENCE ORDER

08-cv-303-bbc

---

MARCUS CLAY, on behalf of himself
and all others similarly situated,

                    Plaintiff,

        v.

THOMAS & BETTS POWER SOLUTIONS,
LLC, a domestic corporation,

                    Defendant.

09-cv-313-bbc

---

This court held a telephonic preliminary pretrial conference on January 26, 2011. Plaintiffs appeared by Larry A. Johnson. Defendants appeared by Noah G. Lipschultz. Based on the parties' representation that they will be moving to consolidate these cases for trial, I set a unified schedule and advised the parties that their conduct throughout this case is governed by this pretrial conference order and the attachments to it.

The parties and their attorneys must at all times treat everyone involved in this lawsuit with courtesy and consideration. The parties must attend diligently to their obligations in this lawsuit and must reasonably accommodate each other in all matters so as to secure the just, speedy and inexpensive resolution of each proceeding in this matter as required by Fed. R. Civ. Pro. 1. Failure to do so shall have consequences.

1.     **Amendments to the Answer**: February 16, 2011

Amendments to the answer may be filed and served without leave of court not later than the date set forth above.


2.     **Disclosure of Liability Experts: Proponents: July 1, 2011**

                              **Respondents: August 1, 2011**

All disclosures mandated by this paragraph must comply with the requirements of Rule 26(a)(2).  There shall be no third round of rebuttal expert reports.  Supplementation pursuant to Rule 26(e) is limited to matters raised in an expert's first report, must be in writing and must be served not later than five calendar days before the expert's deposition, or before the general discovery cutoff if no one deposes the expert.  Any employee of a party who will be offering expert opinions during any phase of this case must comply with all of these disclosure requirements.

Failure to comply with these deadlines and procedures could result in the court striking the testimony of a party's experts pursuant to Rule 37. The parties may agree between themselves to modify these deadlines and procedures .


3.     **Deadline for Filing Dispositive Motions: August 1, 2011**

Dispositive motions may be filed and served by any party on any date up to the deadline set above. All dispositive motions must be accompanied by supporting briefs. All responses to any dispositive motion must be filed and served within 21 calendar days of service of the motion, which the court presumes is the date the motion is filed with the court. Any reply by

the movant must be filed and served within 10 calendar days of service of the response, which the court presumes to be the date the response is filed with the court. The parties may not modify this schedule without leave of court.

If any party files a motion for summary judgment, all parties must follow this court's procedure governing such motions, a copy of which is attached to this order. The court will not consider any document that does not comply with its summary judgment procedure. A party may not file more than one motion for summary judgment in this case without leave of court.

Parties are to undertake discovery in a manner that allows them to make or respond to dispositive motions within the scheduled deadlines. The fact that the general discovery deadline cutoff, set forth below, occurs after the deadlines for filing and briefing dispositive motions is not a ground for requesting an extension of the motion and briefing deadlines.

4.    **Disclosure of Damages Experts: Plaintiffs: September 1, 2011**

**Defendants: September 30, 2011**

The requirements of paragraph 2 also apply to these disclosures.

5.    **Discovery Cutoff: November 15, 2011**

All discovery in this case must be completed not later than the date set forth above, absent written agreement of all parties to some other date.  Absent written agreement of the parties or a court order to the contrary, all discovery must conform with the requirements of Rules 26 through 37 and 45.  Rule 26(a)(1) governs initial disclosures unless the parties agree in writing to the contrary.

The following discovery materials *shall not* be filed with the court unless they concern a motion or other matter under consideration by the court: interrogatories; responses to interrogatories; requests for documents; responses to requests for documents; requests for admission; and responses to requests for admission.

A party need not file a deposition transcript with the court until that party is using the deposition in support of some other submission, at which time the entire deposition must be filed. The court is retaining its policy that depositions that are not filed with the court by the deadline for filing pretrial submissions shall not be used by any party for any purpose at trial. All deposition transcripts must be in compressed format. The court will not accept duplicate transcripts. The parties must determine who will file each transcript.

A party may not file a motion regarding discovery until that party has made a good faith attempt to resolve the dispute. All efforts to resolve the dispute must be set forth in any subsequent discovery motion filed with this court. By this order, the court requires all parties to a discovery dispute to attempt to resolve it quickly and in good faith. Failure to do so could result in cost shifting and sanctions under Rule 37.

This court also expects the parties to file discovery motions promptly if self-help fails. Parties who fail to do so may not seek to change the schedule on the ground that discovery proceeded too slowly to meet the deadlines set in this order.

All discovery-related motions must be accompanied by a supporting brief, affidavit, or other document showing a *prima facie* entitlement to the relief requested. Any response to a discovery motion must be served and filed within seven calendar days of service of the motion, which the court presumes is the date the motion is filed with this court. Replies may not be filed unless requested by the court.

4

6.     **Settlement Letters: January 6, 2012**

Not later than this date, each party must submit a settlement letter to the clerk of court at clerkofcourt@wiwd.uscourts.gov.  The letter should contain the terms and conditions upon which the party would this case.  Such letters should be marked "Under Seal" and should not be sent to opposing counsel. Such letters will not become part of the record in this case.  Upon receipt of the letters, the clerk of court will initiate settlement discussions with counsel.

7.     **Rule 26(a)(3) Disclosures *and* all motions in limine: January 13, 2012**

**Responses: January 27, 2012**

The first date is the deadline to file and serve all Rule 26(a)(3) disclosures, as well as all motions in limine, proposed voir dire questions, proposed jury instructions, and proposed verdict forms.  All responses in opposition are due by the second date.  The format for submitting proposed voir dire questions, jury instructions and verdict forms is set forth in the Order Governing Final Pretrial Conference, which is attached.

The parties must submit courtesy copies of all these submissions to chambers.

8.     **Final Pretrial Conference: February 2, 2012 at 4:00 p.m.**

This is a live hearing in the courtroom.  Lead counsel for each party must appear in person.

Any deposition that has not been filed with the Clerk of Court by the date of the final pretrial conference shall not be used by any party for any purpose at trial.

9.     **Trial: February 13, 2012 at 9:00 a.m.**

Trial shall be to a jury of seven and shall be bifurcated. The parties estimate that this case will take one week to try.  Absent further order of this court, the issues to be tried shall be limited to those identified by the parties in their pretrial conference report to the court.

This case will be tried in an electronically equipped courtroom and the parties shall present their evidence using this equipment.  Counsel shall ensure the compatibility of any of their personal equipment with the court's system prior to the final pretrial conference or shall forfeit their right to use any personal equipment that is not compatible with the court's system.


10.    **Reporting Obligation of Corporate Parties.**

All parties that are required to file a disclosure of corporate affiliations and financial interest form have a continuing obligation throughout this case promptly to amend that form to reflect any changes in the answers.


Entered this 28th day of January, 2011.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge

6

INDEX
to
PRELIMINARY PRETRIAL CONFERENCE PACKET
IN CASES ASSIGNED TO JUDGE CRABB

Mandatory Electronic Filing . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 1

Order in Non-Jury Cases . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .Page 30

Order Regarding Timely Presentation of Witnesses and Evidence . . . . . . . . . . . . Page 34

Procedures Governing Final Pretrial Conference . . . . . . . . . . . . . . . . . . . . . . . . . Page 10

Settlement Before Trial . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 29

Standard Jury Instructions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 14

Standard Voir Dire Questions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 12

Summary Judgment Memorandum to Pro Se Litigants. . . . . . . . . . . . . . . . . . . . . .Page 3

Summary Judgment Procedures . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 5

Summary Judgment Tips . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 2

Trial Exhibit Procedures . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 11

Witness Procedures . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 23

MANDATORY ELECTRONIC FILING OF ALL COURT DOCUMENTS

Electronic Case Filing is the standard way of doing business with the District Court in the Western District of Wisconsin.  Effective January 22, 2008, electronic filing is mandatory in all civil and criminal case pending the newly filed.

Information on electronic filing and the court's administrative procedures are available on our website: www.wiwd.uscourts.gov under CM/ECF News.  Resources include Administrative Procedures, Frequently Asked Questions, User Manual, and contact information.

Each lawyer must complete and sign a Lawyer Registration Form, which can be accessed at http://attorneyreg.wiwd.uscourts.gov  The registration form requires the Filing User's name, address, telephone number, and Internet e-mail address.  Upon completion of the electronic registration form, the lawyer prints a copy, signs the form and mails it to the clerk's office.  The clerk's office will retain this signed registration on file.  To ensure that the clerk's office has correctly entered a registering lawyer's e-mail address in the System, the clerk's office will send the lawyer an e-mail message which will include a login and password.

HELPFUL TIPS FOR FILING
A SUMMARY JUDGMENT MOTION
IN CASES ASSIGNED TO JUDGE BARBARA B. CRABB

Please read the attached directions carefully – doing so will save your time and the court's.

**REMEMBER:**

1. All facts necessary to sustain a party's position on a motion for summary judgment must be explicitly proposed as findings of fact. This includes facts establishing jurisdiction. (Think of your proposed findings of fact as telling a story to someone who knows nothing of the controversy.)

2. The court will not search the record for factual evidence. Even if there is evidence in the record to support your position on summary judgment, if you do not propose a finding of fact with the proper citation, the court will not consider that evidence when deciding the motion.

3. A fact properly proposed by one side will be accepted by the court as undisputed unless the other side properly responds to the proposed fact and establishes that it is in dispute.

4. Your brief is the place to make your legal argument, not to restate the facts. When you finish it, check it over with a fine tooth comb to be sure you haven't relied upon or assumed any facts in making your legal argument that you failed to include in the separate document setting out your proposed findings of fact.

5. A chart listing the documents to be filed by the deadlines set by the court for briefing motions for summary judgment or cross-motions for summary judgment is printed on the last page of the procedures.

Revised March 2006

MEMORANDUM TO PRO SE LITIGANTS
REGARDING SUMMARY JUDGMENT MOTIONS
IN CASES ASSIGNED TO JUDGE CRABB

This court expects all litigants, including persons representing themselves, to follow this court's Procedures to be Followed on Motions for Summary Judgment.  If a party does not follow the procedures, there will be no second chance to do so.  Therefore, PAY ATTENTION to the following list of mistakes pro se plaintiffs tend to make when they oppose a defendant's motion for summary judgment:

- Problem:  The plaintiff does not answer the defendant's proposed facts correctly.

  Solution:  To answer correctly, a plaintiff must file a document titled "Response to Defendant's Proposed Findings of Fact."  In this document, the plaintiff must answer each numbered fact that the defendant proposes, using separate paragraphs that have the same numbers as defendant's paragraphs. See Procedure II.D.  If plaintiff does not object to a fact that the defendant proposes, he should answer, "No dispute."

- Problem:  The plaintiff submits his own set of proposed facts without answering the defendant's facts.

  Solution:  Procedure II.B. allows a plaintiff to file his own set of proposed facts in response to a defendant's motion ONLY if he thinks he needs additional facts to prove his claim.

- Problem:  The plaintiff does not tell the court and the defendant where there is evidence in the record to support his version of a fact.

  Solution:  Plaintiff must pay attention to Procedure II.D.2., which tells him how to dispute a fact proposed by the defendant. Also, he should pay attention to Procedure I.B.2., which explains how a new proposed fact should be written.

- Problem:  The plaintiff supports a fact with an exhibit that the court cannot accept as evidence because it is not authenticated.

  Solution:  Procedure I.C. explains what may be submitted as evidence.  A copy of a document will not be accepted as evidence unless it is authenticated.  That means that the plaintiff or someone else who has personal knowledge what the

document is must declare under penalty of perjury in a separate affidavit that the document is a true and correct copy of what it appears to be.  For example, if plaintiff wants to support a proposed fact with evidence that he received a conduct report, he must submit a copy of the conduct report, together with an affidavit in which he declares under penalty of perjury that the copy is a true and unaltered copy of the conduct report he received on such and such a date.

_____ NOTE WELL:  If a party fails to respond to a fact proposed by the opposing party, the court will accept the opposing party's proposed fact as undisputed.  If a party's response to any proposed fact does not comply with the court's procedures or cites evidence that is not admissible, the court will take the opposing party's factual statement as true and undisputed. You'll find additional tips for making sure that your submissions comply with the court's procedures on page 9 of this packet.

Revised March 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

PROCEDURE TO BE FOLLOWED ON MOTIONS FOR SUMMARY JUDGMENT

I.  MOTION FOR SUMMARY JUDGMENT

A.   Contents:

   1.   A motion, together with such materials permitted by Rule 56(e) as the moving party may wish to serve and file; and

   2.   In a separate document, a statement of proposed findings of fact or a stipulation of fact between or among the parties to the action, or both; and

   3.   Evidentiary materials (see I.C.); and

   4.   A supporting brief.

B.   Rules Regarding Proposed Findings of Fact:

   1.   Each fact must be proposed in a separate, numbered paragraph, limited as nearly as possible to a single factual proposition.

   2.   Each factual proposition must be followed by a reference to evidence supporting the proposed fact.  For example,

      "1.  Plaintiff Smith bought six Holstein calves on July 11, 2006.
        Harold Smith Affidavit, Jan. 6, 2007, p.1, ¶ 3."

   3.   The statement of proposed findings of fact shall include ALL factual propositions the moving party considers necessary for judgment in the party's favor.  For example, the proposed findings shall include factual statements relating to jurisdiction, the identity of the parties, the dispute, and the context of the dispute.

   4.   The court will not consider facts contained only in a brief.

C.    Evidence

1.    As noted in I.B. above, each proposed finding must be supported by admissible evidence.  The court will not search the record for evidence. To support a proposed fact, you may use:

a.    Depositions.  Give the name of the witness, the date of the deposition, and page of the transcript of cited deposition testimony;

b.    Answers to Interrogatories.  State the number of the interrogatory and the party answering it;

c.    Admissions made pursuant to Fed. R. Civ. P. 36.  (state the number of the requested admission and the identity of the parties to whom it was directed); or

d.    Other Admissions.  The identity of the document, the number of the page, and paragraph of the document in which that admission is made.

e.    Affidavits.  The page and paragraph number, the name of the affiant, and the date of the affidavit.  (Affidavits must be made by persons who have first hand knowledge and must show that the person making the affidavit is in a position to testify about those facts.)

f.    Documentary evidence that is shown to be true and correct, either by an affidavit or by stipulation of the parties.  (State exhibit number, page and paragraph.)


II.  RESPONSE TO MOTION FOR SUMMARY JUDGMENT

A.    Contents:

1.    A response to the moving party's proposed finding of fact; and

2.    A brief in opposition to the motion for summary judgment; and

3.    Evidentiary materials (See I.C.)

B.    In addition to responding to the moving party's proposed facts, a responding party may propose its own findings of fact following the procedure in section I.B. and C. above.

1.    A responding party should file additional proposed findings of fact if it needs them to defeat the motion for summary judgment.

2.   The purpose of additional proposed findings of fact is to SUPPLEMENT the moving party's proposed findings of fact, not to dispute any facts proposed by the moving party. They do not take the place of responses. Even if the responding party files additional proposed findings of fact, it MUST file a separate response to the moving party's proposed findings of fact.

C.   Unless the responding party puts into dispute a fact proposed by the moving party, the court will conclude that the fact is undisputed.

D.   Rules Regarding Responses to the Moving Party's Proposed Factual Statements:

1.   Answer each numbered fact proposed by the moving party in separate paragraphs, <u>using the same number</u>.

2.   If you dispute a proposed fact, state your version of the fact and refer to evidence that supports  that version.  For example,

Moving party proposes as a fact:

"1.  Plaintiff Smith purchased six Holstein calves from Dell's Dairy Farm on July 11, 2006.  Harold Smith Affidavit, Jan. 6, 2007, p.1, ¶ 3."

Responding party responds:

"1.  Dispute.  The purchase Smith made from Dell's Dairy Farm on July 11, 2006 was for one Black Angus bull  John Dell Affidavit, Feb. 1, 2007,  Exh. A."

3.   The court prefers but does not require that the responding party repeat verbatim the moving party's proposed fact and then respond to it.  Using this format for the example above would lead to this response by the responding party:

"1.  *Plaintiff Smith purchased six Holstein calves from Dell's Dairy Farm on July 11, 2006.  Harold Smith Affidavit, Jan. 6, 2007, p.1, ¶ 3.*

**"Dispute.** The purchase Smith made from Dell's Dairy Farm on July 11, 2006 was for one Black Angus bull."  John Dell Affidavit, Feb. 1, 2007,  Exh. A."

4.   When a responding party disputes a proposed finding of fact, the response must be limited to those facts necessary to raise a dispute. The court will disregard any new facts that are not directly responsive to the proposed fact.  If a responding party believes that more facts are necessary to tell its story, it should include them in its own proposed facts, as discussed in II.B.

Page 8

E.    Evidence

     1.    Each fact proposed in disputing a moving party's proposed factual statement and all additional facts proposed by the responding party must be supported by admissible evidence.  The court will not search the record for evidence. To support a proposed fact, you may use evidence as described in Procedure I.C.1. a. through f.

     2.    The court will not consider any factual propositions made in response to the moving party's proposed facts that are not supported properly and sufficiently by admissible evidence.

## III.  <u>REPLY BY MOVING PARTY</u>

A.  Contents:

     1.    An answer to each numbered factual statement made by the responding party in response to the moving party's proposed findings of fact, together with references to evidentiary materials; <u>and</u>

     2.    An answer to each additional numbered factual statement proposed by the responding party under Procedure II.B., if any, together with references to evidentiary materials; <u>and</u>

     3.    A reply brief; <u>and</u>

     4.    Evidentiary materials (see I.C.)

B.    If the responding party has filed additional proposed findings of fact, the moving party should file its response to those proposed facts at the same time as its reply, following the procedure in section II.

C.    When the moving party answers the responding party's responses to the moving party's original proposed findings of fact, and answers the responding party's additional proposed findings of fact, the court prefers but does not require that the moving party repeat verbatim the entire sequence associated with each proposed finding of fact so that reply is a self-contained history of all proposed facts, responses and replies by all parties.

## IV.  <u>SUR-REPLY BY RESPONDING PARTY</u>

     A responding party shall not file a sur-reply without first obtaining permission from the court.  The court only permits sur-replies in rare, unusual situations.

Page 9

## MOTION FOR SUMMARY JUDGMENT

| Deadline 1 (All deadlines appear in the Preliminary Pretrial Conference Order Sent to the Parties Earlier) | Deadline 2 | Deadline 3 |
|---|---|---|
| moving party's motion | | |
| moving party's brief | non-moving party's response brief | moving party's reply brief |
| moving party's proposed findings of fact | non-moving party's response to moving party's proposed findings of fact | moving party's reply to non-moving party's response to moving party's proposed findings of fact |
| | non-moving party's additional proposed findings of fact | moving party's response to non-moving party's additional proposed findings of fact, if any. |

## CROSS MOTIONS FOR SUMMARY JUDGMENT

| Deadline 1 (All deadlines appear in the Preliminary Pretrial Conference Order Sent to the Parties Earlier) | Deadline 2 | Deadline 3 |
|---|---|---|
| defendant's motion | | |
| defendant's brief | plaintiff's response brief | defendant's reply brief |
| defendant's proposed findings of fact | plaintiff's response to defendant's proposed findings of fact | defendant's reply to plaintiff's response to defendant's proposed findings of fact |
| plaintiff's motion | | |
| plaintiff's brief | defendant's response brief | plaintiff's reply brief |
| plaintiff's proposed findings of fact | defendant's response to plaintiff's proposed findings of fact | plaintiff's reply to defendant's response to plaintiff's proposed findings of fact |

PROCEDURES GOVERNING FINAL PRETRIAL CONFERENCE
IN CASES ASSIGNED TO JUDGE CRABB

1  The preliminary pretrial conference order tells the parties what documents must be submitted for the final pretrial conference and what the deadlines are for submitting them.

2.  The court's standard voir dire questions and standard jury instructions are attached to this order and will be asked in every case.  The parties should not duplicate the standard questions or instructions.

3.  A party must submit to the court an electronic copy of any proposed additional voir dire questions, proposed form of special verdict and proposed jury instructions in full electronic text (that is, not just by citation) by e-mailing them to chambers in WordPerfect or Microsoft Word format to **wiwd_bbc@wiwd.uscourts.g**ov.  **The subject line of the e-mail sent to chambers must include the case number and the phrase Final Pretrial Submissions.**

4.  Proposed jury instructions shall be submitted in the following form:

> A.     Pattern instructions are to be requested by reference to the source (e.g., court's standard instruction or Devitt & Blackmar, § 18.01); and

> B.     Special instructions or pattern instructions, whether modified or not, must be presented double-spaced with one instruction per page, and each instruction shall show the identity of the submitting party, the number of the proposed instruction, and the citation of the pattern instruction, decision, statute, regulation or other authority supporting the proposition stated, with any additions underscored and any deletions set forth in parentheses.  **The e-mail version of a party's proposed instructions must follow this format.**

5.  The court retains the discretion to refuse to entertain voir dire questions, special verdict forms, or jury instructions not submitted in accordance with this order or the preliminary pretrial conference order unless the subject of the request is one arising during trial that could not reasonably have been anticipated prior to trial.

6.  Each party shall be represented at the final pretrial conference by the lawyer who will actually try the case unless the party is proceeding pro se, in which case the pro se party must appear.  A party represented by counsel shall also be present in person unless

> A.     Counsel has been delegated the full authority to settle the case; or
> B.     Attendance in person is impossible and arrangements are made for communication by telephone during the entire duration of the conference for the purpose of acting upon settlement proposals.

PROCEDURES FOR TRIAL EXHIBITS
IN CASES ASSIGNED TO JUDGE CRABB

Before trial, the parties are to label all exhibits that may be offered at trial.  Before the start of trial, the parties are to provide the deputy clerk with a list of all exhibits.  Exhibits for use at trial are not subject to the electronic filing procedures, but are to be filed conventionally.  Counsel are to retain the original exhibits following trial.

1.  Each party is to label all exhibits.

2.  If more than one defendant will be offering exhibits, that defendant should add an initial identifying the particular defendant to the label.

3.  Each party is to submit a list of their exhibits.  The party should state to whom the exhibits belong, the number of each exhibit and a brief description.

4.  Each party is to provide the court with the original exhibit list and a copy of each exhibit that may be offered for the judge's use.

5.  As a general rule, the plaintiff should use exhibit numbers 1-500 and the defendant should use exhibit numbers 501 and up.

6.  Each party is to maintain custody of his or her own exhibits throughout the trial.

7.  At the end of trial, each party is to retain all exhibits that become a part of the record.  It is each party's responsibility to maintain his or her exhibits and to make arrangements with the clerk's office for inclusion of the exhibits in the appeal record, if there is an appeal.

8.  Each party should be aware that once reference is made to an exhibit at trial, the exhibit becomes part of the record, even though the exhibit might not be formally offered or might not be received.

Any questions concerning these instructions may be directed to the clerk's office at (608) 264-5156.

Entered this 19th day of May, 2006.

BY THE COURT:

BARBARA B. CRABB
District Judge

COURT'S STANDARD VOIR DIRE QUESTIONS
IN CASES ASSIGNED TO JUDGE CRABB

1.    Statement of the case.  (A very brief, concise description of the plaintiff(s)' claims and the defendant(s)' defenses.)

Has any one of you ever heard of this case before today?  How?  When?  When you heard about it, did you form any opinion concerning the case?  Do you believe that your ability to serve impartially as a juror in this case has been affected by what you have heard about it?

2.    The trial of this case will begin _____ and will last _____ days.  Is there any one of you who would be unable to serve as a juror during this time?

3.    Ask counsel to stand and tell the jury where they practice and with whom.  Ask panel whether anyone knows counsel or their associates or partners.

4.    Ask counsel to introduce the parties.  Ask panel whether anyone knows any of the parties.  (If any party is a corporation, have counsel identify the nature of the corporation's business, its major subsidiaries, or its parent corporation, and where it conducts business.  Ask whether anyone on the panel is stockholder of corporation or has had business dealings with it.)

5.    Question to each prospective juror.

Please stand up and tell us about yourself.

Name, age, and city or town of residence.

Marital status and number of children, if any.

Current occupation (former if retired).

Current (or former) occupation of your spouse or domestic partner.

Any military service, including branch, rank and approximate date of discharge.

How far you went in school and major areas of study, if any.

Memberships in any groups or organizations.

Hobbies and leisure-time activities.

Favorite types of reading material.

Favorite types of television shows.

6.    Question to panel regarding prior experience with court proceedings:

    a.     Have any of you ever been a party to a lawsuit?  Describe circumstances.

    b.     Have any of you ever been a witness in a lawsuit?

    c.     How many of you have served previously on a jury?

    d.     Of those of you who have sat on a jury, were you ever the foreperson on a jury?  Describe your experience.

    e.     Do any of you know any of the other persons on the jury panel?

7.    Question to <u>panel</u> in personal injury cases:

In this case the plaintiff is alleging that he suffered injuries [describe in summary fashion, for example, he was burned, or he suffered a broken leg and ankle] in an [automobile, horseback riding, industrial, farm, etc.] accident.

    a.     Has any one of you ever suffered similar injuries?  Describe.  Do you have any residual effects of your injury?

    b.     Do you have close friends or relatives who have suffered similar injuries?

    c.     Were you ever in an accident involving [an automobile, farm machinery, industrial machine, etc.)?

    d.     Do you have any close friends or relatives who have been in an accident of this kind?

8.    Question to <u>panel</u>.  At the end of the case I will give you instructions that will govern your deliberations.  You are required to follow those instructions, even if you do not agree with them.  Is there any one of you who would be unable or unwilling to follow the instructions?

9.    Question to <u>panel</u>.  Do any of you have opinions, whether positive or negative, about people who go to court to obtain relief for wrongs they believe they have suffered?

10.    Question to <u>panel</u>.  Do you know of any reason whatsoever why you could not sit as a trial juror with absolute impartiality to all the parties in this case?

Page 14

STANDARD JURY INSTRUCTIONS – CIVIL*

*These instructions are used in cases before the Honorable Barbara B. Crabb, District Judge

# I. INTRODUCTORY INSTRUCTION

Members of the jury, we are about to begin the trial of the case.  Before it begins, I will give you some instructions to help you understand how the trial will proceed, how you should evaluate the evidence, and how you should conduct yourselves during the trial.

The party who begins the lawsuit is called the plaintiff.  In this action, the plaintiff is _____.   The parties against whom the suit is brought are called the defendants.  In this action, the defendants are _____.

[Describe claims and basic legal elements of claims and defenses]

The case will proceed as follows:

First, plaintiff's counsel will make an opening statement outlining plaintiff's case.  Immediately after plaintiff's statement, defendants' counsel will also make an opening statement outlining defendants' case.  What is said in opening statements is not evidence; it is simply a guide to help you understand what each party expects the evidence to show.

Second, after the opening statements, the plaintiff will introduce evidence in support of his claim.  At the conclusion of the plaintiff's case, the defendants may introduce evidence.  The defendants are not required to introduce any evidence or to call any witnesses.  If the defendants introduce evidence, the plaintiff may then introduce rebuttal evidence.

Third, after the evidence is presented, the parties will make closing arguments explaining what they believe the evidence has shown and what inferences you should draw from the evidence.  What is said in closing argument is not evidence.  The plaintiff has the right to give the first closing argument and to make a short rebuttal argument after the defendants' closing argument.

Fourth, I will instruct you on the law that you are to apply in reaching your verdict.

Fifth, you will retire to the jury room and begin your deliberations.

You will hear the term "burden of proof" used during this trial.  In simple terms, the phrase "burden of proof" means that the party who makes a claim has the obligation of proving that claim.  At the end of the trial, I will instruct you on the proper burden of proof to be applied in this case.

The trial day will run from 9:00 a.m. until 5:30 p.m.  You will have at least an hour for lunch and two additional short breaks, one in the morning and one in the afternoon.

During recesses you should keep in mind the following instructions:

First, do not discuss the case either among yourselves or with anyone else during the course of the trial.  The parties to this lawsuit have a right to expect from you that you will keep an open mind throughout the trial.  You should not reach a conclusion until you have heard all of the evidence and you have heard the lawyers' closing arguments and my instructions to you on the law, and have retired to deliberate with the other members of the jury.

Second, do not permit any third person to discuss the case in your presence.  If anyone tries to talk to you despite your telling him not to, report that fact to the court as soon as you are able.  Do not discuss the event with your fellow jurors or discuss with them any other fact that you believe you should bring to the attention of the court.

Third, although it is a normal human tendency to converse with people with whom one is thrown in contact, please do not talk to any of the parties or their attorneys or witnesses.  By this I mean not only do not talk about the case, but do not talk at all, even to pass the time of day.  In no

other way can all parties be assured of the absolute impartiality they are entitled to expect from you are jurors.

Fourth, do not read about the case in the newspapers, or listen to radio or television broadcasts about the trial.  If a newspaper headline catches your eye, do not examine the article further.  Media accounts may be inaccurate and may contain matters that are not proper for your consideration.  You must base your verdict solely on the evidence produced in court.

Fifth, no matter how interested you may become in the facts of the case, you must not do any independent research, investigation or experimentation.  Do not look up materials on the internet or in other sources. [do not visit the site of the incident] [or perform any kind of experiment.] Again, you must base your verdict solely on the evidence produced in court.

## Credibility of Witnesses

In deciding the facts, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, part of it, or none of it.  In considering the testimony of any witness, you may take into account many factors, including the witness's opportunity and ability to see or hear or know the things the witness testified about; the quality of the witness's memory; the witness's appearance and manner while testifying; the witness's interest in the outcome of the case; any bias or prejudice the witness may have; other evidence that may have contradicted the witness's testimony; and the reasonableness of the witness' testimony in light of all the evidence.  The weight of the evidence does not necessarily depend upon the number of witnesses who testify.

## Depositions

During the course of a trial the lawyers will often refer to and read from depositions.  Depositions are transcripts of testimony taken while the parties are preparing for trial.  Deposition testimony is given under oath just like testimony on the trial.  You should give it the same consideration you would give it had the witnesses testified here in court.

## Objections

During the trial, you will hear the lawyers make objections to certain questions or to certain answers of the witnesses.  When they do so, it is because they believe the question or answer is legally improper and they want me to rule on it.  Do not try to guess why the objection is being made or what the answer would have been if the witness had been allowed to answer it.

If I tell you not to consider a particular statement that has already been made, put that statement out of your mind and remember that you may not refer to it during your deliberations.

## Questions

During the trial, I may sometimes ask a witness questions.  Please do not assume that I have any opinion about the subject matter of my questions.

If you wish to ask a question about something you do not understand, write it down on a separate slip of paper.  If, when the lawyers have finished all of their questioning of the witness, the

question is still unanswered to your satisfaction, raise your hand, and I will take the written question from you, show it to counsel, and decide whether it is a question that can be asked. If it cannot, I will tell you that. I will try to remember to ask about questions after each witness has testified.

## Notetaking

The clerk will give each of you a notepad and pencil for taking notes. This does not mean you <u>have</u> to take notes; take them only if you want to and if you think they will help you to recall the evidence during your deliberations. Do not let notetaking interfere with your important duties of listening carefully to all of the evidence and of evaluating the credibility of the witnesses. Keep in mind that just because you have written something down it does not mean that the written note is more accurate than another juror's mental recollection of the same thing. No one of you is the "secretary" for the jury, charged with the responsibility of recording evidence. Each of you is responsible for recalling the testimony and other evidence.

Although you can see that the trial is being reported, you should not expect to be able to use trial transcripts in your deliberations. You will have to rely on your own memories.

## Evidence

Evidence at a trial includes the sworn testimony of the witnesses, exhibits admitted into the record, facts judicially noticed, and facts stipulated by counsel. You may consider only evidence that is admitted into the record.

In deciding the facts of this case, you are not to consider the following as evidence: statements and arguments of the lawyers, questions and objections of the lawyers, testimony that I instruct you to disregard, and anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

Evidence may be either direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what the witness said or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You are to decide how much weight to give any evidence.

## Contradictory or Impeaching Evidence

A witness may be discredited by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something, that is inconsistent with the witness's present testimony.

If you believe any witness has been discredited, it is up to you to decide how much of the testimony of that witness you believe.

If a witness is shown to have given false testimony knowingly, that is, voluntarily and intentionally, about any important matter, you have a right to distrust the witness's testimony about other matters. You may reject all the testimony of that witness or you may choose to believe some or all of it.

The general rule is that if you find that a witness said something before the trial that is different from what the witness said at trial you are to consider the earlier statements only as an aid

in evaluating the truthfulness of the witness's testimony at trial.  You cannot consider as evidence in this trial what was said earlier before the trial began.

There is an exception to this general rule for witnesses who are the actual parties in the case. If you find that any of the parties made statements before the trial began that are different from the statements they made at trial, you may consider as evidence in the case whichever statement you find more believable.

**Drawing of Inferences**

You are to consider only the evidence in the case.  But in your consideration of the evidence, you are not limited solely to what you see and hear as the witnesses testify.  You are permitted to draw, from facts you find have been proved, such reasonable conclusions as seem justified in the light of your own experience and common sense.

**Experts**

A person's training and experience may make him or her a true expert in a technical field.  The law allows that person to state an opinion here about matters in that particular field.  It is up to you to decide whether you believe the expert's testimony and choose to rely upon it.  Part of that decision will depend on your judgment about whether the expert's background of training and experience is sufficient for him or her to give the expert opinion that you heard, and whether the expert's opinions are based on sound reasons, judgment, and information.

During the trial, an expert witness may be asked a question based on assumptions that certain facts are true and then asked for his or her opinion based upon that assumption.  Such an opinion is of use to you only if the opinion is based on assumed facts that are proven later.  If you find that the assumptions stated in the question have not been proven, then you should not give any weight to the answer the expert gave to the question.

## II.  POST-TRIAL INSTRUCTIONS

**Introduction**

Ladies and Gentlemen of the Jury:

Now that you have heard the evidence and the arguments, I will give you the instructions that will govern your deliberations in the jury room.  It is my job to decide what rules of law apply to the case and to explain those rules to you.  It is your job to follow the rules, even if you disagree with them or don't understand the reasons for them.  You must follow <u>all</u> of the rules; you may not follow some and ignore others.

The decision you reach in the jury room must be unanimous.  In other words, you must all agree on the answer to each question.

Your deliberations will be secret.  You will never have to explain your verdict to anyone.

If you have formed any idea that I have an opinion about how the case should be decided, disregard that idea.  It is your job, not mine, to decide the facts of this case.

The case will be submitted to you in the form of a special verdict consisting of____ questions. In answering the questions, you should consider only the evidence that has been received at this trial.

Do not concern yourselves with whether your answers will be favorable to one side or another, or with what the final result of this lawsuit may be.

Note that certain questions in the verdict are to be answered only if you answer a preceding question in a certain manner. Read the introductory portion of each question very carefully before you undertake to answer it. Do not answer questions needlessly.

## Burden of Proof

When a party has the burden to prove any matter by a preponderance of the evidence, it means that you must be persuaded by the testimony and exhibits that the matter sought to be proved is more probably true than not true. You should base your decision on all of the evidence, regardless of which party presented it.

## Middle Burden of Proof

In answering question __, you are instructed that the burden is on the plaintiff to convince you to a reasonable certainty by evidence that is clear, satisfactory, and convincing that the answer should be "yes."

## Answers Not Based on Guesswork

If, after you have discussed the testimony and all other evidence that bears upon a particular question, you find that the evidence is so uncertain or inadequate that you have to guess what the answer should be, then the party having the burden of proof as to that question has not met the required burden of proof. Your answers are not to be based on guesswork or speculation. They are to be based upon credible evidence from which you can find the existence of the facts that the party must prove in order to satisfy the burden of proof on the question under consideration.

## Selection of Presiding Juror; Communication with the Judge; Verdict

When you go to the jury room to begin considering the evidence in this case you should first select one of the members of the jury to act as your presiding juror. This person will help to guide your discussions in the jury room.

You are free to deliberate in any way you decide or select whomever you like as a presiding juror. However, I am going to provide some general suggestions on the process to help you get started. When thinking about who should be presiding juror, you may want to consider the role that the presiding juror usually plays. He or she serves as the chairperson during the deliberations and has the responsibility of insuring that all jurors who desire to speak have a chance to do so before any vote. The presiding juror should guide the discussion and encourage all jurors to participate.

Once you are in the jury room, if you need to communicate with me, the presiding juror will send a written message to me. However, don't tell me how you stand as to your verdict.

As I have mentioned before, the decision you reach must be unanimous; you must all agree.

When you have reached a decision, the presiding juror will sign the verdict form, put a date on it, and all of you will return with the verdict into the court.

**Suggestions for Conducting Deliberations**:

In order to help you determine the facts, you may want to consider discussing one claim at a time, and use my instructions to the jury as a guide to determine whether there is sufficient evidence to prove all the necessary legal elements for each claim or defense.  I also suggest that any public votes on a verdict be delayed until everyone can have a chance to say what they think without worrying what others on the panel might think of their opinion.  I also suggest that you assign separate tasks, such as note taking, time keeping and recording votes to more than one person to help break up the workload during your deliberations. I encourage you at all times to keep an open mind if you ever disagree or come to conclusions that are different from those of your fellow jurors. Listening carefully and thinking about the other juror's point of view may help you understand that juror's position better or give you a better way to explain why you think your position is correct.


## III.  DAMAGES

**General**

On the damages question, the party asking for damages has the burden of convincing you, by the preponderance of the evidence, both that he or she has been injured or damaged and the amount of the damages.

The party seeking damages need not produce evidence that is as exact as the evidence needed to support findings on other questions in the verdict.  Determining damages involves the consideration of many different factors that cannot be measured precisely.  In determining the damages you must base your answer on evidence that reasonably supports your determination of damages under all of the circumstances of the case.  You should award as damages the amount of money that you find fairly and reasonably compensates the named party for his or her injuries.

Do not measure damages by what the lawyers ask for in their arguments.  Their opinions as to what damages should be awarded should not influence you unless their opinions are supported by the evidence.  It is your job to determine the amount of the damages sustained from the evidence you have seen and heard.  Examine that evidence carefully and impartially.  Do not add to the damage award or subtract anything from it because of sympathy to one side or because of hostility to one side.  Do not make any deductions because of a doubt in your minds about the liability of any of the parties.

**Income Taxes**

You must not add to any award of damages any money to compensate the plaintiff for state or federal income taxes.  Damages received as an award for personal injuries are exempt from income taxes.  On the other hand, you must not subtract any money from your award of damages just because the plaintiff is not required to pay income taxes.

**Pain and Suffering**

In determining how much money will fairly and reasonably compensate plaintiff for past pain and suffering [disability] [disfigurement] [mental anguish] [loss of capacity for enjoyment of life],

you should consider any pain and suffering, mental anguish and apprehension, sorrow and anxiety plaintiff has endured from the time of the incident up to the present time.  There is no exact standard for deciding how much to award plaintiff for these damages.  Your award should be fair and just in the light of the evidence.

## Aggravation of Pre-existing Injury or Condition

The evidence shows that the plaintiff was previously injured when _____. If the injuries plaintiff received at _____ aggravated any physical, mental or emotional condition resulting from the earlier injury or injuries, you should award fair and reasonable compensation for such aggravation.  However, you should award compensation only if you find the aggravation of the existing condition was a natural result of the injuries received at _____.

## Duty to Mitigate Damages

_____A person who has been damaged may not recover for losses that he or she could have reduced by reasonable efforts.  "Reasonable efforts" do not include efforts that might cause serious harm or subject the person making the effort to an unreasonable risk, unreasonable inconvenience, unreasonable expense, disorganization of his or her business or loss of honor and respect.

If you find that a reasonable person would have taken steps to reduce the loss, and if you find that the plaintiff did not take such steps, then you should not include as damages any amount the plaintiff could have avoided.  If you find that a reasonable person would not have taken steps to reduce the loss under all of the circumstances existing in the case, then you should not consider the plaintiff's failure to act when you determine damages.

It is defendants' burden to satisfy you by the greater weight of the credible evidence that plaintiff should have taken steps to reduce the loss and failed to do so.

## Mortality Tables

_____In answering the question of future damages as a result of plaintiff's injuries, you may take into consideration the fact that at this time_____ is _____ years of age.  According to the mortality tables, plaintiff has a life expectancy of ____ years.

Although a mortality table giving the expectancy of life of a person of _____'s age, was received in evidence as an aid in determining such expectancy, it is not conclusive or binding upon you.  Such tables are based upon averages, and there is no certainty that any person will live the average duration of life rather than a longer or shorter period.  In order to determine the probable length of life of _____, you should take into consideration all of the facts and circumstances established by the credible evidence bearing upon that subject.

## Future Earnings

In determining the amount of damages for any loss of _____ that will be incurred in the future, it is your duty to determine the present worth of such future damages.

By present worth, I am referring to the fact that a lump sum of money received today is worth more than the same sum paid in installments over a period of months or years. A sum received today can be invested and earn money at current interest rates. Your answer will reflect the present value in dollars of an award of future damages if you make a reduction for the earning power of money.

Keep in mind that this instruction does not apply to the portion of future damages that represents future pain and suffering. In computing the amount of future damages, you may take into account economic conditions, present and future, and the effects of inflation.

The fact that I have instructed you on the proper measure of damages does not mean I have any view about the verdict in this case. These instructions on damages are only for your guidance in the event that you should find in favor of plaintiff on the question of liability.

## Punitive Damages

If you answered "yes" to Question No. ___, you may award punitive damages in addition to compensatory damages. You are not required to make any award of punitive damages, but you may do so if you think it is proper under the circumstances to make such an award as an example or punishment to deter the defendant and others from offending in a similar manner in the future. In deciding whether to make an award of punitive damages you may also consider the seriousness of the offense committed.

Punitive damages may be awarded even if the violation of plaintiff's rights resulted in only nominal compensatory damages. That is, even if the plaintiff can show no damages or other injury as a result of a defendant's actions, if the defendant acted with deliberate indifference to plaintiff's rights, punitive damages may be awarded.

Punitive damages are never a matter of right. It is in the jury's discretion to award or withhold them. Punitive damages may not be awarded unless the defendant acted with deliberate indifference to the plaintiff's rights. Even if you find that the violations were reckless or deliberate, you may withhold or allow punitive damages as you see fit.

If you find that a defendant's conduct was motivated by evil motive or intent, such as ill will or spite or grudge either toward the injured person individually or toward all persons such as plaintiff, then you may find that the defendant deliberately violated the plaintiff's rights.

Acts are reckless when they represent a gross departure from ordinary care in a situation where a high degree of danger is apparent. If the defendant was in a position in which he certainly should have known that his conduct would violate the plaintiff's rights, and proceeded to act in disregard of that knowledge and of the harm or the risk of harm that would result to the plaintiff, then he acted with reckless disregard for the plaintiff's rights.

In answering this question, you are instructed that the burden is on the plaintiff to convince you to a reasonable certainty by evidence that is clear, satisfactory, and convincing that the answer should be "yes."

## PROCEDURES FOR CALLING WITNESSES TO TRIAL
## IN CASES ASSIGNED TO JUDGE CRABB

At trial, plaintiff will have to be ready to prove facts supporting his claims against the defendants.  One way to offer proof is through the testimony of witnesses who have personal knowledge about the matter being tried.  If a party wants witnesses to be present and available to testify on the day of trial, the party must follow the procedures explained below. ("Party" means either a plaintiff or a defendant.)  These procedures must be followed whether the witness is:

1) A defendant to be called to testify by a plaintiff; <u>or</u>

2) A plaintiff to be called to testify by a defendant; <u>or</u>

3) A person not a party to the lawsuit to be called to testify by either a plaintiff or a defendant.

## I.  PROCEDURES FOR OBTAINING ATTENDANCE OF INCARCERATED WITNESSES WHO AGREE TO TESTIFY VOLUNTARILY

An incarcerated witness who tells a party that he is willing to attend trial to give testimony cannot come to court unless the court orders his custodian to let him come.  The Court must issue an order known as a writ of habeas corpus ad testificandum.  This court will not issue such a writ unless the party can establish to the court's satisfaction that

1) The witness has agreed to attend voluntarily; <u>and</u>

2) The witness has actual knowledge of facts directly related to the issue to be tried.

A witness's willingness to come to court as a witness can be shown in one of two ways.

a. The party can serve and file an affidavit declaring under penalty of perjury that the witness told the party that he or she is willing to testify voluntarily, that is, without being subpoenaed.  The party must say in the affidavit when and where the witness informed the party of this willingness;

**OR**

b.  The party can serve and file an affidavit in which *the witness* declares under penalty of perjury that he or she is willing to testify without being subpoenaed.

The witness's actual knowledge of relevant facts may be shown in one of two ways.

a.  The party can declare under penalty of perjury that the witness has relevant information about the party's claim.  However, this can be done only if the *party* knows first-hand that the witness saw or heard something that will help him prove his case.  For example, if the trial is about an incident that happened in or around a plaintiff's cell and, at the time, the plaintiff saw that a cellmate was present and witnessed the incident, the plaintiff may tell the court in an affidavit what happened, when and where the incident occurred, who was present, and how the witness was in a position to see or hear what occurred;

**OR**

b.  The party can serve and file an affidavit in which *the witness* tells the court what happened, when and where the incident occurred, who was present, and how the witness was in a position to see or hear what occurred.

Not later than four weeks before trial, a party planning to use the testimony of an incarcerated witness who has agreed to come to trial must serve and file a written motion for a court order requiring the witness to be brought to court at the time of trial.  The motion must

1) State the name and address of the witness; and

2) Come with an affidavit described above to show that the witness is willing to testify and that the witness has first-hand knowledge of facts directly related to the issue to be tried.

When the court rules on the motion, it will say who must be brought to court and will direct the clerk of court to prepare the necessary writ of habeas corpus ad testificandum.

## II.  PROCEDURE FOR OBTAINING THE ATTENDANCE OF INCARCERATED WITNESSES WHO REFUSE TO TESTIFY VOLUNTARILY

If an incarcerated witness refuses to attend trial, TWO separate procedures are required. The court will have to issue a writ of habeas corpus ad testificandum telling the warden to bring the witness to trial <u>and</u> the party must serve the witness with a subpoena.

<u>Not later than four weeks before trial</u>, the party seeking the testimony of an incarcerated witness who refuses to testify voluntarily must file a motion asking the court to issue a writ of habeas corpus ad testificandum <u>and</u> asking the court to provide the party with a subpoena form.  (All requests from subpoenas from pro se litigants will be sent to the judge for review before the clerk will issue them.)

The motion for a writ of habeas corpus ad testificandum will not be granted unless the party submits an affidavit

1) Giving the name and address of the witness; and

2) Declaring under penalty of perjury that the witness has relevant information about the party's claim.  As noted above, this can be done only if the *party* knows first-hand that the witness saw or heard something that will help him prove his case.  In the affidavit, the party must tell the court what happened, when and where the incident occurred, who was present, and how the witness was in a position to see or to hear what occurred.

The request for a subpoena form will not be granted unless the party satisfies the court in his affidavit that

1) The witness refuses to testify voluntarily;

2) The party has made arrangements for a person at least 18 years of age who is not a party to the action to serve the subpoena on the witness; <u>or</u>

3) The party is proceeding <u>in forma pauperis</u>, has been unable to arrange for service of the subpoena by a person at least 18 years of age who is not a party to the action and needs assistance from the United States Marshal or a person appointed by the court.

If the court grants the party's request for a subpoena for an incarcerated witness, it will be the party's responsibility to complete the subpoena form and send it to the person at least 18 years of age who will be serving the subpoena or to the United States Marshal, if the court has ordered that the subpoena be served by the Marshal.  The address of the United States Marshal is 120 N. Henry St., Suite 440, Madison, Wisconsin, 53703.  If the subpoena is not received by the marshal <u>at least two</u> <u>weeks in advance of trial</u>, the marshal may not have enough time to serve the subpoena on the party's witness.

## III.  UNINCARCERATED WITNESSES WHO AGREE TO TESTIFY VOLUNTARILY

It is the responsibility of the party who has asked an unincarcerated witness to come to court to tell the witness of the time and date of trial.  No action need be sought or obtained from the court.

## IV.  UNINCARCERATED WITNESSES WHO REFUSE TO TESTIFY VOLUNTARILY

If a prospective witness is not incarcerated, and he or she refuses to testify voluntarily, <u>no later</u> <u>than four weeks before trial</u>, the party must serve and file a request for a subpoena form.  All parties who want to subpoena an unincarcerated witness, even parties proceeding <u>in forma pauperis</u>, must be prepared to tender an appropriate sum of money to the witness at the time the subpoena is served. The appropriate sum of money is a daily witness fee and the witness's mileage costs.  In addition, if the witness's attendance is required for more than one trial day, an allowance for a room and meals must be paid.  The current rates for daily witness fees, mileage costs and room and meals may be obtained either by writing the clerk of court at P.O. Box 432, Madison, Wisconsin, 53703, or calling the office of the clerk at (608) 264-5156.

Before the court will grant a request for a subpoena form for an unincarcerated witness, the party must satisfy the court by affidavit declared to be true under penalty of perjury that

1) The witness refuses to testify voluntarily;

2) The party has made arrangements for a person at least 18 years of age who is not a party to the action to serve the subpoena on the witness; <u>or</u>

3) The party is proceeding <u>in</u> <u>forma</u> <u>pauperis</u>, has been unable to arrange for service of the subpoena by a person at least 18 years of age who is not a party to the action and needs assistance from the United States Marshal or a person appointed by the court; <u>and</u>

4) The party is prepared to tender to the marshal or other individual serving the subpoena a check or money order made payable to the witness in an amount necessary to cover the daily witness fee and the witness's mileage, as well as costs for room and meals if the witness's appearance at trial will require an overnight stay.

If the court grants the party's request for a subpoena for an unincarcerated witness, it will be the party's responsibility to complete the subpoena form and send it to the person at least 18 years of age who will be serving the subpoena or to the United States Marshal, if the court has ordered that the subpoena be served by the marshal, together with the necessary check or money order.  The address of the United States Marshal is 120 N.  Henry St., Suite 440, Madison, Wisconsin, 53703. If the subpoena is not received by the marshal <u>at least two weeks in advance of trial</u>, the marshal may not have enough time to serve the subpoena on the party's witness.

## V.  SUMMARY

The chart below may assist in referring you to the section of this paper which sets forth the appropriate procedure for securing the testimony of witnesses in your case.



**WITNESSES**

**INCARCERATED**

**UNINCARCERATED**

**VOLUNTARY**

A court order that the witness be brought to court is required. Papers are due 4 weeks before trial.

**INVOLUNTARY**

A court order that the witness be brought to court and a subpoena are required. A motion must be served & filed 4 weeks before trial. Subpoena forms must be completed 2 weeks before trial.

**VOLUNTARY**

Nothing need be sought or obtained from the court.

**INVOLUNTARY**

Pro se parties must obtain an order granting issuance of a subpoena. Papers are due 4 weeks before trial. Completed forms and fees are due 2 weeks before trial.

*Office of the Clerk*
## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

*120 North Henry Street, Room 320 • P.O. Box 432 • Madison, WI 53701-0432 • 608-264-5156*

October 27, 2006

MEMO TO COUNSEL

If a case is **settled on the weekend before trial**, the court should be notified immediately by calling Clerk of Court Peter Oppeneer at (608) 287-4875. This notification will enable the Clerk to call off unneeded jurors and to advise the trial judge to discontinue working on the case.  The same procedure should be followed to report last-minute emergencies which might affect the start of the trial.

# ORDER IN NON-JURY CASES
# ASSIGNED TO JUDGE CRABB

Counsel are hereby directed to observe the following requirements in preparing for the trial to the court in this case:

1.  No later than <u>TWO WEEKS</u> IN ADVANCE OF THE TRIAL counsel are to confer for the following purposes:

> A.    To enter into comprehensive written stipulations of all uncontested facts in such form that they can be offered at trial as the first evidence presented by the party desiring to offer them.  If there is a challenge to the admissibility of some uncontested facts that one party wishes included, the party objecting and the grounds for objection must be stated.

> B.  To make any deletions from their previously-exchanged lists of potential trial witnesses.

> C.  To enter into written stipulations setting forth the qualifications of expert witnesses.

> D.  To examine, mark, and list all exhibits that any party intends to offer at trial.  (<u>A copy of this court's procedures for marking exhibits is contained in this packet</u>.)

> E.    To agree as to the authenticity and admissibility of such exhibits so far as possible and note the grounds for objection to any not agreed upon.

> F.  To agree so far as possible on the contested issues of law.

> G.    To examine and prepare a list of all depositions and portions of depositions to be read

into evidence and agree as to those portions to be read.  If any party objects to the admissibility of any portion, the name of the party objecting and the grounds shall be set forth.

H.  To explore the prospects of settlement.

It shall be the responsibility of plaintiff's counsel to convene the conference between counsel and, following that conference, to prepare the Pretrial Statement described in the next paragraph.

2.  No later than <u>ONE WEEK</u> PRIOR TO THE TRIAL, <u>plaintiff's counsel</u> shall submit a Pretrial Statement containing the following:

A.    The parties' comprehensive written stipulations of all uncontested facts.

B.  The probable length of trial.

C.  The names of all prospective witnesses.  Only witnesses so listed will be permitted to testify at the trial except for good cause shown.

D.  The parties' written stipulation setting forth the qualifications of all expert witnesses.

E.  Schedules of all exhibits that will be offered in evidence at the trial, together with an indication of those agreed to be admissible and a summary statement of the grounds for objection to any not agreed upon.  Only exhibits so listed shall be offered in evidence at the trial except for good cause shown.

F.  An agreed statement of the contested issues of law supplemented by a separate statement by each counsel of those issues of law not agreed to by all parties.

> G.   A list of all depositions and portions of depositions to be offered in evidence, together with an indication of those agreed to be admissible and summary statements of the grounds for objections to any not so agreed upon. If only portions of a deposition are to be offered, counsel should mark the deposition itself with colored markers identifying the portions each party will rely upon.

3.   No later than <u>ONE WEEK</u> PRIOR TO TRIAL, each counsel shall file with the court and serve upon opposing counsel a statement of all the facts that counsel will request the court to find at the conclusion of the trial.  In preparing these statements, counsel should have in mind those findings that will support a judgment in their client's favor.  The proposed findings should be complete.  They should be organized in the manner in which counsel desire them to be entered.  They should include stipulated facts, as well as facts not stipulated to but which counsel expect to be supported by the record at the conclusion of the trial.  Those facts that are stipulated to shall be so marked.

4.   Along with the proposed findings of fact required by paragraph 3 of this order, each counsel shall also file and serve a proposed form of special verdict, as if the case were to be tried to a jury.

5.   Before the start of trial, each counsel shall submit to the court a complete set of counsel's pre-marked trial exhibits to be used by the judge as working copies at trial.

6.  If counsel wish to submit trial briefs, they are to do so no later than THREE WORKING DAYS PRIOR TO TRIAL.  Copies of briefs must be provided to opposing counsel.

Final pretrial submissions are to be filed as stated above with no exceptions.  Failure to file or repeated and flagrant violations may result in the loss of membership in the bar of this court.

Entered this 27th day of October, 2006.

BY THE COURT:

BARBARA B. CRABB
District Judge

ORDER REGARDING TIMELY PRESENTATION
OF TRIAL WITNESSES AND TRIAL EVIDENCE


The parties must have all witnesses and other evidence ready and available for timely

presentation at trial in order to prevent delay.  Failure to comply with this order will be

grounds for an order precluding the presentation of any additional evidence by the non-

complying party.

Entered this 27th day of October, 2006.

BY THE COURT:

BARBARA B. CRABB
District Judge