UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Brian Teed and Marcus Clay, on behalf of themselves and all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>Thomas & Betts Power Solutions, LLC,<br><br>　　　　　Defendant. | Case No. 08-cv-303-bcc |

## AMENDED ANSWER

Defendant Thomas & Betts Power Solutions, LLC, submits the following amendments to the Answer and Affirmative Defenses.

### AFFIRMATIVE AND OTHER DEFENSES

1.　Plaintiffs' claims are barred in whole or in part to the extent that the work they performed falls within the Motor Carrier Exemption.

2.　To the extent the Court finds that Defendant took any actions or omissions with respect to Plaintiffs, such acts or omissions concerning or affecting Plaintiffs and the putative class Plaintiffs purport to represent were undertaken in good faith, on reasonable grounds, and were justified, proper, and lawful.

3.　No act or omission of Defendant concerning or affecting Plaintiffs and/or the putative class Plaintiffs purport to represent was willful, knowing, or in reckless disregard for the provisions of the FLSA or any other state or federal law.

4.Defendant is not properly considered Plaintiffs' "employer" under applicable laws, nor is it the successor of Plaintiffs' employer.

5.Plaintiffs' purported claims are barred in whole or in part by Plaintiffs' failure to mitigate their alleged damages.  This defense may also apply to the purported claims of some or all of the potential members of the putative class Plaintiffs purport to represent.

6.Defendant at all times acted in good faith to comply with the FLSA and with reasonable grounds to believe that its actions did not violate the statutes cited in the Complaint, and Defendant asserts a lack of willfulness or intent to violate the FLSA as a defense to any claim by Plaintiffs on their own behalf or on behalf of others for liquidated damages.

7.Plaintiffs' claims are barred in whole or in part by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259, to the extent actions taken in connection with Plaintiffs' compensation were done in good faith conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and/or written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor.

8.Plaintiffs' purported claims and the claims they seek to assert on behalf of others are barred in whole or in part by Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260, to the extent any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the actions or omissions were not a violation of the FLSA or any other state or federal law.

9. Defendant is not liable for the alleged damages because, if any person or entity engaged in intentional, willful, or unlawful conduct as alleged in the Complaint, he/she/it did so without knowledge, authorization, or ratification by Defendant.

10. Plaintiffs' claims are barred in whole or in part by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours during which Plaintiffs were engaged in activities which were preliminary or postliminary to their principal activities, or otherwise deemed to be non-compensable by the Act.

11. To the extent that the period of time alluded to in the Complaint, or the period of time alleged later in this action, predates the limitations period set forth in Section 6(a) of the Portal-to-Portal Act, 29 U.S.C. § 255(a), or any other applicable limitations period, such claims are barred.

12. To the extent that discovery reveals that Plaintiffs failed to follow applicable policies for reporting their hours, Defendant hereby invokes the doctrine of estoppel to bar the claims asserted by Plaintiffs.  This defense may also apply to the purported claims of some or all of the potential members of the putative class that Plaintiffs purport to represent.

13. Pending the conclusion of further discovery and investigation, Defendant respectfully reserves the right to plead other and additional defenses which may be necessary and proper to the full defense of this litigation.

Dated this 16th day of February, 2011.

s/ Noah G. Lipschultz
Andrew J. Voss  (MN SBN: 0241556)
avoss@littler.com
Noah G. Lipschultz  (MN SBN: 0387308)
nlipschultz@littler.com
**LITTLER MENDELSON, P.C.**
1300 IDS Center
80 South 8th Street
Minneapolis, MN  55402.2136
Telephone: 612.630.1000
Facsimile:  612.630.9626

**ATTORNEYS FOR DEFENDANTS**

Firmwide:100225288.1 052857.1006