IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

BRIAN TEED, on behalf of himself
and all others similarly situated,

    Plaintiffs,

v.

JT PACKARD & ASSOCIATES, INC., a domestic
corporation, and S.R. BRAY CORP., d/b/a POWER
PLUS!, a foreign corporation,

    Defendants.

Case No. 08-CV-303

## DEFENDANTS' ANSWERS TO
## PLAINTIFF'S FIRST SET OF INTERROGATORIES

Defendants JT Packard & Associates, Inc. ("Packard") and S.R. Bray Corp. ("Bray") (collectively, "Defendants") answer Plaintiff's First Set of Interrogatories as follows:

### GENERAL OBJECTIONS

In responding to these discovery requests, Defendants conducted a reasonable search of records presently kept in the ordinary course of its business where it would likely expect to find information or documents responsive to a particular interrogatory or request. To the extent that plaintiff's discovery request contemplates some other type of search or response, Defendants object to the interrogatory or request as overly broad, unduly burdensome, and beyond the scope of responses required by Fed. R. Civ. P. 26.

These General Objections are incorporated into each specific response and objection set forth below, whether generally or as to each or any specific request, as if fully set forth, and will not be repeated in each specific response or objection. Where a General Objection is repeated or

referred to in a specific response, it is for emphasis only. The production of any information or documents pursuant to Plaintiff's First Set of Interrogatories ("Interrogatories") is not, and shall not be construed as, an admission to the relevance of the subject matter of any of the Interrogatories and, moreover, is without prejudice to all objections to the use of any such documents. Defendants reserve the right to supplement or amend these responses and objections.

1. In addition to the specific objections stated below, Defendants object to Plaintiff's interrogatories to the extent they seek information or material protected by any applicable privilege, including the attorney client privilege or work product privilege. The inadvertent production of any document disclosing any information subject to such privileges or protections is not intended to relinquish any privilege or protection and shall not be deemed to constitute a waiver of any applicable privilege or protection. In addition, Defendants object to the Interrogatories to the extent they place obligations upon it greater than those imposed by the Federal Rules of Civil Procedure. All answers below are made without waiving any objection.

2. To the extent plaintiff's Interrogatories purport to impose definitions or instructions that bind Defendants in responding to them, Defendants object to the definition or instruction to the extent it would require Defendants to respond in a manner inconsistent with, or broader than, the obligations imposed by Fed. R. Civ. P 26.

3. Defendants object to the Interrogatories, and to the Definitions and Instructions, to the extent that they purport to impose a burden of ascertaining information or obtaining documents not available to Defendants directly.

4. Defendants object to the Interrogatories, and to the Definitions and Instructions, to the extent that they imply the existence of facts or circumstances that do not or did not exist

and to the extent that they state or assume legal conclusions. In providing these responses and objections to the Interrogatories, Defendants do not admit the factual or legal premise of any of the Interrogatories or the Definitions and Instructions.

5. Defendants object to the Plaintiffs' Interrogatories to the extent they seek information that is irrelevant to the subject matter of the action and not reasonably calculated to lead to the discovery of admissible evidence.

6. Defendants object to the Plaintiffs' Interrogatories to the extent they are overly broad and/or unduly burdensome.

7. Defendants state that they respond to the Plaintiffs' Interrogatories to their best present knowledge and only insofar as they may be deemed to have personal knowledge or information that form the basis for any response herein. Discovery is continuing. Defendants reserve the right to amend, modify and/or supplement their responses and objections from time to time, including through the production of additional responsive documents if and as they are available or located.

8. Defendants' decision to provide information or documents notwithstanding the objectionable nature of the discovery requests should not be construed as:

    A. An acknowledgment that the material is relevant;

    B. A waiver of the general objections or the specific objections asserted in response to specific interrogatories; or

    C. An agreement that requests for similar information will be treated in a similar manner.

## ANSWERS TO INTERROGATORIES

**Interrogatory No. 1:** Please identify, to facilitate Court approved notice to other similarly situated employees, all employees of Defendants (including former employees)

3

whose duties were similar to those performed by Plaintiff for Defendants and who were compensated in a manner similar to Plaintiff and who were employed by Defendant within the three (3) years preceding the filing of this lawsuit.

**ANSWER:** *See* General Objections. Subject to and without waiving its General Objections or any specific objections set forth herein, Defendants answer this interrogatory pursuant to Fed. R. Civ. P. 33(d). *See* accompanying documents produced in response to the Plaintiffs' First Request for Production of Documents: JTP-000001-000006.

**Interrogatory No. 2:** With respect to your current or former employees, please identify all individuals who, since May 28, 2005, were responsible for maintaining, or who participated in the maintenance of records of: (i) the number of hours each Field Engineer worked; (ii) each Field Engineer's rate of pay; (iii) the compensation of each Field Engineer; and (iv) which of Defendants' employees were exempt or non-exempt.

**ANSWER:** *See* General Objections. Subject to and without waiving its General Objections, Defendants answer this interrogatory as follows. Packard's Human Resources staff has generally dealt with these issues from May 28, 2005 forward. Particular individuals who may have been involved in one way or another are: Bernie Stoudt; Peter Drumm; Jeff Cason; Mary Grummer; Carrie Penner; Tom C. Ward and Patti Epstein. In addition, all the Field Engineers themselves were responsible for maintaining time records. Beyond the Field Engineers, Packard has a Data Services Team that keys in information from the Field Engineers' records. Packard also has an IT department that generates reports based on information provided by the Data Services Team.

**Interrogatory No. 3:** If Defendants' claim that Plaintiff is not entitled to be paid time and one half for every hour worked in excess of forty (40) hours per work week, please set forth the reason for your claim and the factual basis upon which you make that claim and describe the records and documents that support, tend to support, refute, or tend to refute your response to this Interrogatory.

4

**ANSWER:** Subject to and without waiving its General Objections or any specific objections set forth herein, Defendants answer as follows. Field engineers are highly skilled individuals who provide maintenance and repair for uninterruptible power sources and power distribution equipment throughout the country. They are exempt from both federal and Wisconsin overtime laws under the learned professional exemption. Some or all of them may also be exempt under the motor carrier exemption. Because Plaintiff was, and all other field engineers are, exempt from federal and Wisconsin overtime laws, Defendants had the right to, and did, factor compensation for the overtime hours that Plaintiff worked into his regular salary. At the time Plaintiff joined Packard, he knew that he would be paid a salary, that he would work more than 40 hours in some weeks and less in others, and that he would not receive separate overtime compensation in addition to his salary.

**Interrogatory No. 4:** Identify with specificity and in detail the terms of all agreements or understandings between Defendants and Plaintiff regarding Plaintiff's compensation, the manner in which the such agreement or understanding came to be, and describe the records and documents that support, tend to support, refute, or tend to refute your response to this Interrogatory.

**ANSWER:** Subject to and without waiving its General Objections, Defendants answer this interrogatory as follows. Plaintiff agreed to accept a job at Packard knowing that he would be paid a salary, that he would work more than 40 hours in some weeks and less in others, and that he would not receive separate overtime compensation in addition to his salary. Before joining Packard in May 2003, Plaintiff discussed the job opportunity with Packard's General Manager, Peter Drumm. Plaintiff received a written job offer from Packard on or around May 5, 2003. Packard had an Employee Handbook and Field Service Engineer Policies, Procedures and Guidelines in place while Teed was employed there.

**Interrogatory No. 5**: If Defendants' answer to Plaintiff's First Request For Admissions Number 46 is anything other than an unqualified admission, identify all facts bearing on the accuracy or inaccuracy of any part of Defendants response to Plaintiff's First Request For Admissions Number 46, identify the basis for Defendants answer and identify all persons with knowledge of each such facts, and identify all documents memorializing such facts.

**ANSWER**: *See* Response to Request No. 46. As explained therein, Defendants have been unable to obtain complete information from certain former management personnel who worked for Packard before the acquisition by Bray, namely Peter Drumm and Jeff Cason.

**Interrogatory No. 6**: If Defendants' answer to Plaintiff's First Request For Admissions Number 26 is anything other than an unqualified admission, identify all facts bearing on the accuracy or inaccuracy of any part of Defendants response to Plaintiff's First Request For Admissions Number 26, identify the basis for Defendants answer and identify all persons with knowledge of each such facts, and identify all documents memorializing such facts.

**ANSWER**: No response is required.

**Interrogatory No. 7**: If Defendants' answer to Plaintiff's First Request For Admissions Number 47 is anything other than an unqualified admission, identify all facts bearing on the accuracy or inaccuracy of any part of Defendants response to Plaintiff's First Request For Admissions Number 47, identify the basis for Defendants answer and identify all persons with knowledge of each such facts, and identify all documents memorializing such facts.

**ANSWER**: No response is required.

**Interrogatory No. 8**: If Defendants have been sued by the U.S. Department of Labor or Wisconsin's Department of Workforce Development or investigated by the U.S. Department of Labor or Wisconsin's Department of Workforce Development, or have received a claim by or demand from an employee of Defendants regarding minimum wage or overtime compensation, state the name of the claimant, the style of the complaint, the agency or court with who the complaint was brought, the details and factual basis of the suit, claim or investigation, and the outcome of such suit, claim or investigation.

**ANSWER:** *See* General Objections. Subject to and without waiving its General Objections or any specific objections set forth herein, Defendants are unaware of any such suits, investigations, claims or demands.

**Interrogatory No. 9:** With respect to each and every affirmative defense raised by Defendants in its answer to Plaintiff's Complaint, state separately for each such defense any and all factual and legal support for such defense and identify all witnesses who have knowledge of the facts which support such defense and identify all documents memorializing such facts.

**ANSWER:** *See* General Objections. Also, Defendants object because they have been unable to obtain complete information from certain former management personnel who worked for Packard before the acquisition by Bray, namely Peter Drumm and Jeff Cason. Defendants reserve the right to amend this answer as discovery continues. Subject to and without waiving that objection and its General Objections, Defendants answer this interrogatory as follows.

Affirmative Defense #1 – Packard's field engineers are highly skilled individuals who provide maintenance and repair for uninterruptible power sources and power distribution equipment throughout the country. They are exempt from both federal and Wisconsin overtime laws under the learned professional exemption. Some or all of them may also be exempt under the motor carrier exemption.

Affirmative Defense # 2 – Defendants cannot fully respond to this interrogatory on this point because they have been unable to obtain complete information from Mr. Drumm and Mr. Cason. Defendants will supplement their response to this interrogatory after having obtained that complete information.

Affirmative Defense # 3 – Defendants contend that to the extent they are found liable in any way, they are not subject to liquidated damages because they have acted in good faith and have had reasonable grounds for believing their acts did not violate the FLSA. It is Defendants'

7

understanding that the initial decision to pay field engineers a salary, and to integrate overtime compensation into that salary, was made by Packard's former management personnel, Jeff Cason and Peter Drumm. At or around the time of making that decision, Packard consulted with legal counsel at Axley Brynelson. When Bray purchased Packard in 2006, Packard's then management represented that the field engineers were not entitled to separate overtime compensation and were being lawfully compensated. Bray relied on that representation and was unaware of any reason to further examine whether Packard's compensation system complied with the FLSA until Plaintiff filed this lawsuit.

Affirmative Defense #4 – The statute of limitations for FLSA claims is two years. 29 U.S.C. § 255(a). Thus, it is Packard's position that "any claim for relief based on work or events occurring more than two years prior to the Plaintiff's filing of this case are barred."

**Interrogatory No. 10**: **Identify any and all non-privileged documents upon which Defendant relied upon in answering each of the above Interrogatories, and for each document identified, please provide the Interrogatory Number that such document relates to.**

**ANSWER**: *See* General Objections. Subject to and without waiving its General Objections or any specific objections set forth herein, Defendants answer this interrogatory pursuant to Fed. R. Civ. P. 33(d). *See* accompanying documents produced in response to the Plaintiffs' First Request for Production of Documents:

As to Answers:

Dated this _____ day of November 2008.

JT PACKARD/SR BRAY

_____
Keith Bjelajac

As to Objections Only:

Dated this 20th day of November 2008.

_____
Kendall W. Harrison, State Bar No. 1023438
Bryan J. Cahill, State Bar No. 1055439
Patricia L. Wheeler, State Bar No. 1048114

GODFREY & KAHN, S.C.
One East Main Street, Suite 500
Post Office Box 2719
Madison, WI 53701-2719
Phone:  608-257-3911
Fax:    608-257-0609
Email:  kharrison@gklaw.com
        bcahill@gklaw.com
        pwheeler@gklaw.com

Attorneys for Defendants, Defendants & Associates, Inc. and S.R. Bray Corp.

3157223_1