UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

BRIAN TEED and MARCUS CLAY, on behalf
of themselves and all others similarly situated,

                                                08-cv-303-bbc

                    Plaintiff,

v.

THOMAS & BETTS POWER SOLUTIONS, LLC

                    Defendant,

## PLAINTIFFS' REPLY BRIEF IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

Throughout JT Packard's brief, JT Packard takes the position that partial summary judgment is an all or nothing proposition. Rather, Plaintiffs admit that there are there are two areas that remain in dispute – the number of hours worked in excess of forty in various workweeks and the applicability of the Technical Corrections Act. Plaintiffs' move the Court to clear out all the other issues now and focus on those two issues alone at trial. JT Packard argues that Plaintiffs' motion should entirely be denied and that each element of Plaintiffs' case should be tried. This would be a waste of both the Court and the parties' resources.

**I. Plaintiffs have established a prima facie case of an FLSA violation.**

It is not disputed that JT Packard's Field Engineers, including Plaintiffs, were employed by JT Packard, that JT Packard was an enterprise engaged in interstate commerce and covered by the FLSA, and that the Field Engineers were not paid overtime compensation when they worked over forty hours in one week. (Def's Opp'n to Mot. for Partial Summ. J. pp. 3-4.)[1] Three of the four elements of a *prima facie* case of unpaid overtime are undisputed. *See Morgan v. Family*

---

[1] Hereinafter, Plaintiffs will cite to Defendant's Opposition to Motion for Partial Summary Judgment as "Def.'s Opp'n" followed by the page number.

*Dollar Stores*, 551 F.3d 1233, n. 68 1277 (11th Cir. 2008). JT Packard's sole argument against granting Plaintiff's motion for partial summary judgment as to the *prima facie* case is that "there has been no sufficient proof regarding hours worked." (Def.'s Opp'n p. 3.)

JT Packard's argument ignores that JT Packard fully admits that Field Engineers worked in excess of 40 hours a week within the applicable period and did not receive compensation for that time. (Def.'s Resp. to Pls.' PFOF ¶¶ 6, 7.) Moreover, JT Packard presents no proof that Plaintiffs have not worked in excess of forty hours a week. If Plaintiffs truly did not work over forty hours a week, JT Packard surely would have presented records establishing that. The fact remains that there were workweeks in which Plaintiffs worked more 40 hours a week without overtime compensation, a fact which has been admitted by JT Packard.

Plaintiffs' request to the Court is simple – that the Court can grant Plaintiffs' motion for summary judgment on the *prima facie* case to the extent that when Plaintiffs worked over forty hours a week, in the applicable time periods[2], they should have received overtime premium pay. Therefore, what is left for trial is Plaintiffs proof as to the number of hours they worked each workweek. JT Packard's argument that Plaintiffs' motion for partial summary judgment should be denied would simply waste the Court's resources and force Plaintiffs to prove up elements of the *prima facie* case which are not truly in dispute.

**II. Summary judgment is appropriate as to JT Packard's affirmative defenses.**

    **A. Summary judgment with regard to the exemptions from overtime coverage is appropriate.**

JT Packard only responds to Plaintiffs' motion for partial summary judgment to JT Packard's claimed exemptions as to the Motor Carrier Act exemption. In so doing, JT Packard

---

[2] Any week with work in excess of 40 hours without overtime compensation from either August 9, 2005 or August 10, 2006, depending on the ultimate determination as to the applicability of the SAFETEA-LU Technical Corrections Act.

agrees that due to the enactment of SAFTEA-LU, JT Packard loses any exemption they may have had under the Motor Carrier Act. No other affirmative defenses have been argued by JT Packard in its brief.

### i. Plaintiffs should be granted partial summary judgment that the Professional Exemption is not applicable.

When JT Packard amended its answer (Dkt. 111), JT Packard did not withdraw the affirmative defenses JT Packard pleads in its original answer (Dkt. 15.) in which JT Packard pleads that its Field Engineers were exempt under the professional exemption.[3] In response to Plaintiffs' motion for partial summary judgment, JT Packard does not oppose Plaintiffs' motion and now claims that this was never raised. Regardless of whether JT Packard raised the defense, it is undisputed that it is inapplicable and partial summary judgment in appropriate as to the professional exemption at this time.

### ii. Plaintiffs should be granted partial summary judgment as to the applicability of the Motor Carrier Act exemption.

Plaintiffs request partial summary judgment on JT Packard's allegation that they are insulated from liability because of the Motor Carrier Act exemption of the FLSA. Importantly, JT Packard now concedes that the Motor Carrier Act exemption was inapplicable after August 10, 2006. Therefore, it is not disputed that since at least August 10, 2006, JT Packard's Field Engineers should have been paid overtime compensation when they worked in excess of forty hours a week. Partial summary judgment is wholly appropriate as to this matter.

JT Packard attempts to drum up disputed facts in arguing the applicability of the Technical Corrections Act. JT Packard uses only the declaration of two JT Packard employees who testify that they did not have actual knowledge of SAFTEA-LU, the Motor Carrier Act

---

[3] *See* Def.'s Answer to Plaintiff's First Interrogs. ¶ 9, (Dkt. 115-2) wherein JT Packard claims the professional exemption.

Exemption, or the Technical Corrections Act. To the extent that Ward and Neary testify that they do not "have any reason to believe anyone else at Old JT Packard was aware of those laws," such testimony is inadmissible hearsay which does not fall into any exception as Ward and Neary establish no basis for personal knowledge as to knowing what every other JT Packard employee knew at the time[4]. Simply testifying that those to individuals did not have knowledge of the laws and that they did not talk with anyone about the laws, does not entitle JT Packard to the Technical Correction Act's one year safe harbor period. *Pettit v. Prof'l Transp., Inc.*, 2010 U.S. Dist. LEXIS 87940 (S.D. Ind. Aug. 25, 2010) (The Technical Corrections Act "provides a one-year safe harbor (August 10, 2005 to August 10, 2006) for an employer who, on the date of the violation, did not have knowledge of the overtime requirements found in Section 207 of the FLSA."). JT Packard fails to meet its burden that it is entitled to the safe harbor under the Technical Corrections Act because it has failed to provide evidence that JT Packard, not just two employees, did not know about SAFTEA-LU. At worst, partial summary judgment is appropriate in that the Motor Carrier Act exemption is not applicable after August 10, 2006. Left open for trial is whether JT Packard can avail themselves to the safe harbor period under the Technical Corrections Act.

### B. JT Packard's other alleged exemptions and affirmative defenses must also fail.

#### i. Good faith defense under 29 U.S.C. § 259.

Plaintiffs' move the Court on JT Packard's claimed defense of good faith under 29 U.S.C. § 259. JT Packard does not provide the Court with any argument as to why it is entitled to the good faith defense under 29 U.S.C. § 259. More importantly, JT Packard has failed to provide the Court with any evidence that it relied on a ruling, regulation, interpretation or

---

[4] *See* Fed. R. Evid. 801-807.

decision of the DOL. Therefore, summary judgment for Plaintiffs on this affirmative defense must be granted.

### ii. Good faith defense under 29 U.S.C. § 260.

As a preliminary matter, JT Packard places reliance on *Morgan v. SpeakEasy, LLC,* 625 F. Supp. 2d 632, 658 (N.D. Ill. 2007) (denying plaintiff's motion for summary judgment on liquidated damages claim where factual questions existed as to whether plaintiff was owed overtime) for the proposition that unless a violation of the FLSA is determined it is inappropriate to determine whether liquidated damages should be awarded. (Def.'s Opp'n p. 10). In *Morgan* the Court found that there were disputed facts as to whether or not the defendant had violated the FLSA's minimum wage provisions and therefore declined to grant the plaintiff summary judgment on the defendant's good faith defense. *Id.* This situation is distinguishable because JT Packard has admitted that its relationship with Plaintiffs is covered by the FLSA and that in various workweeks Plaintiffs worked in excess of 40 hours without overtime compensation. (Def. Resp. to PFOF ¶¶3-7) Thus it is clear that there is at least some violation of the FLSA[5] and that it is appropriate for the Court to consider whether liquidated damages should be assessed against JT Packard.

### 1. JT Packard has failed to meet the § 260 elements as to its defense of good faith.

In order to successfully set forth a good faith defense under 29 U.S.C. §260, JT Packard must establish that (1) its failure to pay overtime wages was in good faith; and (2) it had reasonable grounds for believing that its failure to pay overtime did not violate the FLSA. JT Packard has done neither. These are the "subjective" and "objective" elements of a §260 good

---

[5] Plaintiffs acknowledge that there is still a dispute as to the total amount of damages, but this should not preclude the Court from a determination as to the applicability of liquidated damages.

faith defense. Even if JT Packard subjectively believed that its failure to pay overtime wages was in good faith, it cannot establish that it was objectively reasonable to believe that its failure to pay overtime did not violate the FLSA.

JT Packard's main argument is that they allegedly acted upon the advice of counsel in determining that the failure to pay overtime wages to Plaintiffs was appropriate. However, JT Packard has not offered a shred of evidence regarding the alleged advice of counsel except to say that the attorney was from Axley Brynelson and that the advice was obtained by the owner before S.R. Bray became involved. At no point has JT Packard explained when the advice was sought, what was the nature of the legal inquiry, who specifically provided the advice, and most importantly, what advice was actually given or whether the advice was actually followed. All JT Packard has presented is hearsay evidence of questionable veracity which claims that legal counsel previously said that the Field Engineers were compensated legally.

Furthermore, JT Packard has provided no evidence that it relied upon any decision, ruling, interpretation or regulation of the Department of Labor; nor has it provided evidence that any employee of JT Packard received training, read books/articles or went to any seminars or courses regarding FLSA compliance. In other words JT Packard did nothing to stay abreast of the FLSA and any changes to the FLSA that would affect its operations. JT Packard claims that they had no reason to consider the method of compensation of the Field Engineers until this lawsuit. This position, when viewed objectively in the light of the famous "reasonable person" standard[6] simply is not reasonable. JT Packard's only evidence of "good faith" regarding payment under the FLSA is reliance on unspecified second hand advice followed by burying its head in the sand until the instant litigation. Such conduct is by no means reasonable, and even if

---

[6] *Walton*, at 312

JT Packard's intentions were pure, "a good heart but an empty head does not produce a defense" *Walton* at 312.

Simply put JT Packard is grasping at straws by claiming that this unspecific "advice" of unknown origin should allow them to depart from the rule of liquidated damages and fall into the protection of the §260 defense. The burden is on the defendant to prove an exception to the normal rule of liquidated damages and show that they plainly and unmistakably fall into the good faith exemption and JT Packard has not and cannot do that in this case, making summary judgment appropriate. *see Arnold v. Ben Kanowsky, Inc.,* 361 U.S. 388 (1960), reh. den., 362 U.S. 945 (1960)

### 2. Successor liability is not a shield to liquidated damages under the FLSA.

JT Packard spends a large portion of its brief arguing that liquidated damages are not appropriate due to notions of equity. (Def.'s Opp'n pp. 7-9). Unfortunately for JT Packard, notions of equity do not factor in to an award of liquidated damages under the FLSA. No case law cited by JT Packard establishes that, in an FLSA case, liquidated damages are not appropriately assessed against a successor. The only cases cited by JT Packard concern punitive damages in the Title VII context. It is clear that liquidated damages under the FLSA are not punitive in nature, but rather are intended to <u>compensate</u> an employee for the loss of use of rightfully earned pay. *Overnight Motor Transp. Co. v. Miss*el, 316 U.S. 572, 583 (1942); *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945); *see also Walton* at 310 ("Doubling [damages under the FLSA] is not some disfavored 'penalty.') JT Packard glosses over this fact in its brief.

Furthermore, JT Packard continues to argue that TBPS is an innocent successor and should not have to pay for the wrongs of JT Packard. The problem with this argument is that

once TBPS was substituted as a party, it became JT Packard for the purposes of the lawsuit.  It does have to answer for the wrongs of JT Packard.   Furthermore, TBPS cannot dispute that it was aware of the situation with the instant suit at the time it purchased JT Packard.  Moreover the argument that the new owner of JT Packard does not benefit from the wrongs committed against the Plaintiffs is false.  It was the work of the Plaintiffs which added to the value, good will and reputation that TBPS now enjoys.  The only equities that should weigh in any party's favor are the equities of properly compensating the Plaintiffs for the hard work that they have performed and ensuring that they receive all the compensation that has been withheld for up to five years.  For all of these reasons, summary judgment as to liquidated damages should be granted in Plaintiffs' favor.

### iii.  Summary judgment is appropriate to JT Packard's other plead affirmative defenses.

JT Packard did not produce any facts or legal support as to why JT Packard is entitled to its other alleged defenses and affirmative defenses including: that JT Packard is not an employer under the law; that Plaintiffs failed to mitigate their damages, or that Plaintiffs claims are barred by the doctrine of estoppel.  Because JT Packard failed to provide any disputed fact to support or legal argument as to these defenses, summary judgment as to them is appropriate as it is clear that, "a failure to oppose an argument operates as a waiver." *Schumacher v. Swiss Colony, Inc.,* 2007 U.S. Dist. LEXIS 20620 (W.D. Wis. Mar. 19, 2007 Crabb, J).

### III. Plaintiffs' motion regarding record keeping should be granted as JT Packard did not provide the Court with a record of all the hours Plaintiffs worked.

Plaintiffs agree that there is a genuine dispute as to the total number of hours that Plaintiffs worked for JTP (Def.'s Opp'n p. 13).  Plaintiffs again acknowledge that if they were asking the Court for summary judgment as to a precise amount of damages it would be

appropriate to deny that motion. However, Plaintiffs are not asking the Court to make that determination, rather Plaintiffs are asking the Court to make the determination that the records in the possession of JT Packard are inaccurate and that the Plaintiffs be permitted to use the "just and reasonable inference" standard as first articulated in *Anderson*, 328 U.S. at 686-88.

JT Packard first argues that there is no private right of action for a violation of the FLSA's recordkeeping requirement. (Def.'s Opp'n p. 13). JT Packard's argument misses the mark. Plaintiffs have not brought forth a separate claim for any damages based on a violation of the FLSA's record keeping requirements, but rather are asking the Court to conclude that JT Packard's records are not accurate and allow Plaintiff's to proceed under the *Anderson* standard. Such a determination is appropriate on summary judgment. *See Bleichner v. Spies Painting & Decorating, Inc.*, 2009 U.S. Dist. LEXIS 8110 (W.D. Wis. Feb 3, 2009 Crabb, J.).

Next, JT Packard asserts, without any real support, that there is a factual dispute as to whether Plaintiffs followed policies with respect to recording work time and that should somehow preclude summary judgment. (Def.'s Opp'n p. 13). Whether Plaintiffs followed JT Packard policy with respect to recording time is irrelevant to the instant question because it is undisputed that there is certain work performed by plaintiffs that is not accurately recorded on the Field Service reports. *See* PFOF 42-56, Plaintiffs Brief pp.16-17. Moreover, JT Packard's Response to Plaintiff's Proposed Findings of Fact emphasizes Plaintiffs' point. In response to paragraphs 48 through 50, JT Packard points states that there is no way for them to know whether field engineers recorded the time for specific tasks and that "some" of the time "may" not be recorded. Def.'s Resp. to Pls.' Proposed Findings of Fact ¶¶ 48-50. Had there been accurate records maintained of Plaintiffs' hours of work, there would be no question whether that time was in fact recorded. The point is that it was not.

In a case with a similar factual setting, the Court found that summary judgment was appropriate as to the defendant's record keeping because there was no dispute that there was some work time not properly recorded in the defendant's records. The Court on summary judgment determined that the plaintiff could use the *Anderson* standard moving forward. *Bleichner* 2009 U.S. Dist. LEXIS 8110 at *22 ("the undisputed facts establish that at least sometimes [plaintiff] was working for times not entered on his time sheets. Therefore, I will grant plaintiff's motion for summary judgment on this matter as well.")

JT Packard next tries to argue that there is a disputed fact as to whether "other time recording systems such as FieldPlus accurately recorded field engineers' activities." (Def.'s Opp'n p. 14). The first problem with this assertion is that JT Packard has not actually shown that the records of FieldPlus or any "other time recording system" are accurate which is what would be necessary to prevent Plaintiffs from using the *Anderson* inference. JT Packard references their additional proposed findings of fact ¶¶1-12 but it does not actually express that all work time is recorded on these supposed time recording systems. Moreover, by JT Packard's own admission, FieldPlus and the "other time recording systems" have only been in place for a portion of the time period relevant to this lawsuit; thus it is clear that JT Packard does not have accurate work records for all of the hours that are at issue.

Based on the foregoing, the Court should grant Plaintiffs' motion and allow the use of the *Anderson* just and reasonable inference standard regarding the Plaintiffs' hours of work.

## **CONCLUSION**

For all of the foregoing reasons and those contained in Plaintiffs' other submissions in support of their motion, the Court should grant partial summary judgment as to: (1) Plaintiffs' *prima facie* case that they are entitled to the protections of the FLSA and were not properly paid

overtime compensation; (2) JT Packard's "statutory exemptions" do not apply as plaintiffs were not learned professionals and the Motor Carrier Act exemption does not apply since the enactment for SAFTEA-LU; (3) JT Packard's other defenses of good faith, mitigation, estoppel and that JT Packard is not an employer must fail; and (4) JT Packard has not maintained complete and accurate records of Plaintiffs' hours of work and therefore Plaintiffs are entitled to the *Anderson* inference.

Respectfully submitted this 6th day of September, 2011.

**CROSS LAW FIRM, S.C.**
*Attorneys for Plaintiff*

 **s/NOAH REINSTEIN**
Larry A. Johnson
ljohnson@crosslawfirm.com
Noah Reinstein
nreinstein@crosslawfirm.com
Nola J. Hitchcock Cross
njhcross@crosslawfirm.com

The Lawyers Building
845 N. 11th Street
Milwaukee, WI  53233
414-224-0000
